**STATE of Minnesota, ex rel., Vicky Lynn DONNELL, Petitioner, Respondent,**

v.

**Randy JOURDAIN, Defendant,**

**Red Lake Band of Chippewa Indians, proposed intervenor, Appellant.**

No. C7–85–449.

Court of Appeals of Minnesota.

Sept. 17, 1985.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying a motion by the Red Lake Band to intervene in this paternity action. Appellant sought to intervene to contest state court jurisdiction, which defendant Jourdain had earlier challenged by a motion to dismiss for lack of jurisdiction and appeal from its denial. We affirm the denial of intervention.

## FACTS

A paternity and support action was begun against defendant Randy Jourdain in Beltrami County Court in April, 1982. The child was allegedly born on October 23, 1978. The complaint alleged that conception occurred in January, 1978, at Redby, Minnesota, which is on the Red Lake Reservation. Both Jourdain and the mother of the child were residents of the reservation at the time of conception.

Jourdain moved off the reservation to Bemidji at an undetermined date. The trial court concluded that Jourdain had moved before the birth of the child. Since it determined that the action arose when the child was born, the court found it had jurisdiction over the action.

The order denying Jourdain's motion to dismiss for lack of subject matter jurisdiction was appealed to a three-judge district court panel, which affirmed. The appeal opinion was erroneously appealed to this court. The supreme court treated the notice of appeal as a petition for discretionary review, which it denied. *State ex rel. Donnell v. Jourdain,* No. 1064 (Ninth Judicial District, Aug. 22, 1983), *pet. for rev. denied* (Minn. Dec. 2, 1983).

Following an order for blood testing and an order for temporary child support, the Red Lake Band moved to intervene in the action. The tribe claimed an interest in a determination of the jurisdictional issue. The trial court denied the motion, ruling that, although the motion was timely, the Red Lake Band had no interest in the litigation, because the finding of jurisdiction was

Thomas Keyes, Beltrami County Atty., Alan R. Felix, Asst. County Atty., Bemidji, for respondent.

James F. Bodin, Edwards, Edwards & Bodin, Duluth, for appellant.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

based on Jourdain's residency outside the reservation.

## ISSUE

Was the denial of the motion to intervene an abuse of discretion?

## ANALYSIS

It has been held that the state has no jurisdiction over criminal or civil actions arising between Indians residing on the Red Lake Reservation. *Sigana v. Bailey,* 282 Minn. 367, 369, 164 N.W.2d 886, 888 (1969). Jourdain, who was represented by counsel, contested subject-matter jurisdiction. Although he lost, on the factual grounds of his residency off the reservation at the time of the child's birth, he twice appealed this determination.

▆ If a proposed intervenor's interest is adequately represented by existing parties, he is not entitled to intervene as of right. Minn.R.Civ.P. 24.01. The granting of a motion to intervene is within the discretion of the trial court. *SST, Inc. v. City of Minneapolis,* 288 N.W.2d 225, 231 (Minn.1979). Since the Red Lake Band's interests were adequately represented by Jourdain, who had a real stake in avoiding state court jurisdiction and vigorously contested it, there was no abuse of discretion in denying intervention.

## DECISION

Affirmed.