## CARLTON COUNTY FARMERS MUTUAL FIRE INSURANCE COMPANY and Another v. FOLEY BROTHERS and Others.[1]

June 3, 1910.

Nos. 16,527—(88).

**Parties plaintiff.**

 All persons interested in a single cause of action may, though their interests be distinct and severable, join in an action to recover thereon.

[1] Reported in 126 N. W. 727.

**Parties plaintiff.**

>An insurance company, which has paid the amount of a loss covered by one of its policies, may join with the owner of the property destroyed in an action against a third person for negligently causing the loss, even though a part of the property so destroyed, and for which recovery was sought, was not included in the policy.

**Complaint in action for negligence.**

>Complaint construed, and *held* to state but one cause of action.

Action in the district court for Carlton county to recover $14,663 for loss of property by fire. A demurrer was interposed on the grounds that several causes of action were improperly united and that the facts stated did not constitute a cause of action. From an order, Dibell, J., overruling the demurrer of defendants Foley Brothers and Foley Brothers, Larson & Company, to the amended complaint, they appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellants.

*H. S. Lord* and *J. E. Green,* for respondents.

BROWN, J.

Appeal from an order overruling a demurrer to plaintiff's amended complaint, the grounds of the demurrer being (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that several causes of action are improperly united therein.

The short facts are that plaintiff Smith was the owner of a large amount of personal property located in Carlton county, a part of which was insured against loss by fire by the plaintiff Carlton County Farmers Mutual Fire Insurance Company. The property was destroyed by a fire negligently started by defendants, and plaintiff insurance company paid to its coplaintiff, Smith, the amount of the policy thereon; the same being less than the total loss of property. Thereafter the insurance company and Smith joined in this action, and sought to recover, by reason of the negligent acts of defendant, the value of the property destroyed, alleged to be $14,663. The insurance company paid to Smith, under the policy of insurance, the sum of $3,200, and the demand for relief is that it have judg-

ment against defendants for that amount, and that plaintiff Smith have judgment for the balance, or $11,463.

The objections to the complaint are not well taken. The facts stated disclose a single cause of action, namely, for negligence in causing the destruction of the property, and two causes of action are not united therein. The negligence of defendant is the basis of the action, and both plaintiffs are interested therein; the insurance company to the extent of the amount of money paid by it under its policy to Smith, and Smith to the extent of the value of the property, less the amount the insurance company is entitled to, $3,200.

The company, having paid the policy, has the right to be subrogated to the rights of Smith to the extent it was compelled to pay, and would have had the right, had it not been made a party, or joined with plaintiff in bringing the action, to intervene therein, to the end that its rights might be fully protected. Plaintiffs were, therefore, jointly interested in the action, the right of each depending upon the alleged negligence charged against the defendant, and they properly joined in bringing the action, though their interests are distinct and independent. Fegelson v. Niagara Fire Ins. Co., 94 Minn. 486, 103 N. W. 495. It sufficiently appears that the same act or acts of negligence complained of resulted in the destruction of both the insured and the uninsured property.

Order affirmed.