WAYNE ENGELRUP v. WILLIAM CARL POTTER
AND OTHERS.
AUTO-OWNERS INSURANCE COMPANY,
APPLICANT IN INTERVENTION.

224 N. W. 2d 484.

November 15, 1974—No. 44511.

158

*Gislason, Alsop, Dosland & Hunter* and *Robert M. Halvorson,* for appellant.

*K. M. Krost,* for plaintiff respondent.

Heard before Peterson, Kelly, and Yetka, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

This appeal is from an order of the trial court denying a motion by Auto-Owners Insurance Company, a subrogated insurer, to intervene in this case.

This lawsuit arises out of an automobile-truck accident which occurred on January 12, 1972. At the time of the accident, plaintiff, Wayne Engelrup, was the owner and operator of a White Freight Liner which was extensively damaged in the collision. Plaintiff's truck was insured by Auto-Owners Insurance Company.

On February 22, 1972, an insured's release and subrogation agreement was executed by plaintiff upon being paid $8,750 by Auto-Owners under his collision coverage. In consideration of that payment he transferred all right, title, and interest in and to all claims for damages to his vehicle resulting from the accident of January 12, 1972, with the exceptions of depreciation, deductible, and loss of use. A net salvage of $2,255 was made by Auto-Owners on plaintiff's truck, leaving the extent of its subrogation interest at $6,495.

Subsequent to the commencement of this action, Auto-Owners attempted on several occasions to have its subrogation interest removed from Mr. Engelrup's lawsuit. Mr. Engelrup's attorney, however, refused to comply with this request. The primary basis for his refusal was an insistence that, before dismissing Auto-Owners' subrogation claim, he be compensated by it for services rendered. Having never retained Mr. Engelrup's personal attorney and having never authorized the inclusion of its subrogation interest as a part of Mr. Engelrup's lawsuit, Auto-Owners would not agree to compensate the attorney for rendering any services on its behalf and moved to intervene in this lawsuit. The trial court denied the motion and Auto-Owners filed an appeal to this court.

1. The main issue presented is: Does Auto-Owners Insurance Company have a right to intervene as a plaintiff in this lawsuit? Plaintiff initially contends that the trial court's order denying appellant's motion to intervene is a nonappealable order. In its motion to intervene, appellant Auto-Owners cited both Rules 24.01 and 24.02, Rules of Civil Procedure, as grounds for its motion. While it is true that orders denying permissible intervention under Rule 24.02 are nonappealable (see, 3 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 275; Miller v. Market Men's Mutual Ins. Co. 262 Minn. 509, 115 N. W. 2d 266 [1962]), this court has held that orders denying motions to intervene as of right under Rule 24.01 are appealable (see, 3 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 275; Thibault

v. Bostrom, 270 Minn. 511, 512, note 1, 134 N. W. 2d 308, 310 [1965]; Cunningham, *Appealable Orders in Minnesota*, 37 Minn. L. Rev. 309, 328). Therefore, the sole issue before this court is whether appellant should have been allowed to intervene as of right under Rule 24.01.

Rule 24.01, as last amended in 1967, states:

"Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

It appears that under the Federal rule concerning intervention of right a subrogated insurer may intervene in a suit brought by its insured for the purpose of protecting its subrogation interest. See, Virginia Electric & Power Co. v. Carolina Peanut Co. 186 F. 2d 816 (4 Cir. 1951); and Kelley v. Summers, 210 F. 2d 665 (10 Cir. 1954).[1]

---

[1] Federal Rules of Civil Procedure, Rule 24(a), presently reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

As originally promulgated in 1937, and as it read up until the above 1966 amendment, Federal Rule 24(a) stated:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

It is important to note that these cases showing that the Federal rules

An early Minnesota decision, Carlton County Farmers Mutual Fire Ins. Co. v. Foley Bros. 111 Minn. 199, 126 N. W. 727 (1910), contains dicta which support Auto-Owners' attempted intervention. There the specific question before the court was whether the insurer and its insured could join in one action to recover damages, or whether separate actions were required. In holding that the claims of insurer and insured constituted one cause of action and could properly be joined, this court stated (111 Minn. 201, 126 N. W. 727):

"* * * The facts stated disclose a single cause of action, namely, for negligence in causing the destruction of the property, and two causes of action are not united therein. The negligence of defendant is the basis of the action, and both plaintiffs are interested therein; the insurance company to the extent of the amount of money paid by it under its policy to Smith, and Smith to the extent of the value of the property, less the amount the insurance company is entitled to, $3,200.

"*The company, having paid the policy, has the right to be subrogated to the rights of Smith to the extent it was compelled to pay, and would have had the right, had it not been made a party, or joined with plaintiff in bringing the action, to intervene therein, to the end that its rights might be fully protected.* Plaintiffs were, therefore, jointly interested in the action, the right of each depending upon the alleged negligence charged against the defendant, and they properly joined in bringing the action, though their interests are distinct and independent." (Italics supplied.)

It should be pointed out, however, that the dictum quoted above was stated at a time when the Minnesota law concerning inter-

---

allow a subrogated insurer to intervene in actions brought by the insured were decided under the original Rule 24(a)(2), which rule is substantially more narrow than either the present Federal or Minnesota rule concerning intervention of right.

vention of right was markedly different from the present rules.[2] Since the time of the Carlton decision, Minnesota's rules concerning intervention of right have been substantially amended. According to this court's language in Avery v. Campbell, 279 Minn. 383, 389, 157 N. W. 2d 42, 46 (1968), the purpose of the 1967 amendment to Rule 24.01 was to "encourage more extensive use of intervention."

While the trial court apparently recognized the insurance company's general right to intervene in order to protect its subrogation interest, it denied Auto-Owners' motion to intervene upon the conclusion that such subrogation interest was adequately protected by the insured's agreement to have the proceeds of the action held in escrow. Thus, whether the trial court's order should be upheld would appear to depend upon whether that conclusion is controlling.

It is well settled that "where the holder of a subrogation right does not come into the action, whether he refused to do so or acquiesces in the plaintiff's action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees." United Services Automobile Assn. v. Hills, 172 Neb. 128, 133, 109 N. W. 2d 174, 177 (1961); Flor v. Buck, 189 Minn. 131, 248 N. W. 743 (1933); National Union Fire Ins. Co. v. Grimes, 278 Minn. 45, 153 N. W. 2d 152 (1967).

In the United Services case, the Supreme Court of Nebraska restated the above well-established precept in a different manner (172 Neb. 133, 109 N. W. 2d 177):

"Where the assured, as in case of partial insurance, sustains a loss, in excess of the reimbursement or compensation by the

---

[2] At the time of the Carlton case, the Minnesota law concerning intervention of right was formulated from the court's holding in Faricy v. St. Paul Investment & Sav. Society, 110 Minn. 311, 319, 125 N. W. 676, 679 (1910), in which decision it was held: "* * * [A] party is entitled to intervene when he would necessarily gain or lose by the direct legal effect of the judgment therein * * *."

underwriter, he has an undoubted right to have it satisfied by action against the wrongdoer. But if, by such action, there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation. But the assured will not, in the forum of conscience, be required to account for more than the surplus, which may remain in his hands, after satisfying his own excess of loss in full, and his reasonable expenses incurred in its recovery; *unless the underwriter shall, on notice and opportunity given, have contributed to, and made common cause with him, in the prosecution.*" (Italics supplied.)

Auto-Owners urges that implicit in the court's rationale above "is the notion that United Services would have been entitled to intervene in its insured's lawsuit for the purpose of protecting its subrogation interests, including its interest in being required to contribute toward payment of fees and expenses."

Auto-Owners also insists that the same notion supporting intervention in such cases is found in the case of State Farm Mutual Auto. Ins. Co. v. Geline, 48 Wis. 2d 290, 179 N. W. 2d 815 (1970). The Wisconsin court there held that once notice is given that insured has commenced a lawsuit (48 Wis. 2d 302, 179 N. W. 2d 821):

"* * * the holder of a subrogated right can elect to do its own collecting of amounts due by efforts of its own attorney or, in the alternative, to let plaintiff's attorney accomplish the desired result for it. In the second situation, it has no reason to expect plaintiff's attorney to serve as its collector without fee for his services."

In Geline, the court also stated (48 Wis. 2d 301, 179 N. W. 2d 821):

"* * * It is a prerequisite to seeking or securing a fee from holders of subrogated interests that notice be given to such holders not only that a claim is being asserted or action has been

commenced, but also that, unless the holder elects to join in the action as a party thereto, a reasonable fee for services rendered in accomplishing the collection of its subrogated interest will be requested of the court in any settlement or court disposition. Timely notice is required to give the holder of a subrogated interest the right to join the action and to be represented by legal counsel of its own choosing if it so elects."

It seems clear that such a method of handling subrogation interests will lead to an orderly disposition of the interests of all concerned parties.

The cases cited above seem to recognize that, if the insurer decides to pursue its subrogation claim on its own, it should have the right to do so and may retain counsel of its own choosing. In order to effect such a right in this case, the insurer would have to be permitted to intervene in the lawsuit brought by its insured.

To allow the insurer the option of litigating its own subrogation interest with its own counsel appears only proper. Neither insured nor insurer should be forced to accept representation by the other. Though both claims must necessarily be brought in the same action to avoid splitting the cause of action, the claims of the parties are distinct and separate. By signing the subrogation agreement, the insured assigned his claims for property damages, excluding depreciation, deductible, and loss of use, to the insurer. Therefore, it seems that the insured's opposition to intervention by the insurer and the court's refusal to permit intervention are both contrary to the insurer's subrogation rights.

2.    Plaintiff contends that Auto-Owners' motion to intervene, made some 10 months after commencement of the action, did not comply with the timeliness requirement of Rule 24.01. It should be noted that in his memorandum the trial court made no mention of the timeliness of the attempted intervention and seemed to base his denial of the motion to intervene solely on the belief that appellant's interest would be "protected adequately by existing parties."

The case law regarding the requirement of timely intervention reveals that such a matter must be determined on a case-by-case basis. Federal Rule 24(a), which also requires that the application to intervene be "timely," has produced the largest amount of authority on the subject. In Pyle-National Co. v. Amos, 172 F. 2d 425, 428 (7 Cir. 1949), the court emphasized that the amended Rule 24 should be construed liberally and that "[t]echnicalities should not be invoked * * * to defeat intervention." Clark v. Sandusky, 205 F. 2d 915, 918 (7 Cir. 1953), held that "[w]hether an application to intervene comes too late is to be determined from all the circumstances shown." Professor Moore, in 3B Federal Practice (2 ed.) p. 24-523, states generally:

"Whether an application for intervention is timely does not depend solely upon the amount of time that may have elapsed since the institution of the action, although of course that is a relevant consideration. Intervention has been allowed several years after commencement of suit, where the substantial litigation of the issues had not commenced when the motion to intervene was filed. But where there has been much litigation by way of motions, depositions and discovery, taking of testimony before a master, etc., tardy intervention will usually be denied. There is no requirement, however, that intervention be effected before answer."

In 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 660, the authors comment:

"* * * A timely application generally involves a motion to intervene under circumstances where the additional party's presence will not unduly and adversely affect the rights of the existing parties. Motions to intervene and to create new issues at late stages of the proceeding can be denied."

Plaintiff initiated his action against the third-party tort-feasors on June 29, 1972. In his affidavit in opposition to Auto-Owners' motion to intervene, plaintiff's attorney alleged that Auto-Owners was advised in January 1972 of his intention to

bring suit for plaintiff's damages. Plaintiff also filed with the affidavit letters dated September 22, 1972, October 18, 1972, and December 12, 1972, from Auto-Owners' attorneys and claims manager, which letters evidence Auto-Owners' knowledge of the pendency of plaintiff's action for damages against the third-party tortfeasors. The motion to intervene was argued before the court on April 23, 1973, and formally denied on June 25, 1973.

To date, it appears that the action between plaintiff and the tortfeasors has progressed as follows: Summons and complaint were served upon the tortfeasors; responsive pleadings were interposed; the matter was placed on the calendar; interrogatories were served; the deposition of plaintiff was taken; and finally, the deposition of William Carl Potter, one of the tortfeasors, was taken.

In light of the foregoing, it seems that neither party to the original action will be substantially prejudiced if the appellant is allowed to intervene at this stage of the proceedings. Although almost 10 months passed between the commencement of the action and the attempted intervention, it seems that the spirit behind the 1967 amendment to Rule 24—that of encouraging all legitimate interventions—requires a liberal application of the rule. In the present action, no rights have yet been adjudicated between the original parties and no new issues have been introduced which will prejudice either of the original parties. Since it does not appear that any party will suffer great hardship if intervention is permitted, it seems that appellant should not be barred from intervening on the ground that its motion was untimely.

Reversed and remanded for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.