Harry S. NORMAN, et al., Respondents,

v.

Greg Allen REFSLAND, etc., et al., Defendants,

Carver County, Applicant in Intervention, Petitioner, Appellant.

No. C6–85–233.

Supreme Court of Minnesota.

March 21, 1986.

---

Larry J. Peterson, St. Paul, for appellant.

James D. DiLorenzo, St. Paul, for respondents.

YETKA, Justice.

On July 30, 1984, Harry S. and Lyla C. Norman, respondents, began a cause of action in Hennepin County District Court against Gregory A. Refsland, etc., et al., defendants. On September 11, 1984, Carver County, appellant, brought a motion to intervene. The district court denied the motion on January 15, 1985. Carver County appealed to the Minnesota Court of Appeals, which affirmed the district court. The county's petition for further review was granted by this court. We reverse.

On February 5, 1984, Carver County Deputy Sheriff Harry S. Norman, respondent, was injured while assisting in the investigation of a five-car accident in Carver County, Minnesota. Norman was placing flares at the scene of the accident when he was struck by a car driven by Michael D. Geyer. Norman sustained serious and allegedly permanent injuries to his leg and ankle. Geyer was charged with driving while intoxicated and criminal vehicular operation.

Norman received workers' compensation benefits from his employer, Carver County, for wage loss and medical expenses. The county is self-insured.

Norman and his wife Lyla brought suit in Hennepin County District Court against Geyer and the car owner, the drivers and owners of certain cars involved in the original accident, and three liquor establishments and their owners. Carver County,

appellant, brought a motion on September 11, 1984, to intervene in plaintiffs' suit. The county claimed it had an interest in the action and that intervention was necessary in order to protect its right to indemnification and subrogation for the workers' compensation benefits paid and to avoid multiple litigation. Basing its claim to indemnification on Minn.Stat. § 176.061, subd. 10 (1984), the county acknowledged that it could bring a separate cause of action, but argued that its active participation in the Normans' suit was necessary for the adequate protection of its interests.[1] According to the county, the statutory notice and lien provisions did not sufficiently protect its indemnity interests. The necessity for its active participation was demonstrated, the county argued, by the fact that it received no copies of the pleadings in the Norman case as required by Minn.Stat. § 176.061, subd. 8(a) until after it had filed its motion to intervene.

The plaintiffs opposed intervention, claiming that the county's participation would interfere with the plaintiffs' ability to control their own lawsuit. The Normans argued that the interest of the county in the case was small in comparison to their interests and that the notice and lien provisions of section 176.061, subdivision 8(a) adequately protected their interests. Furthermore, they would agree to include the county in all settlement negotiations.

The district court denied intervention, finding that the notice provisions of section 176.061, subdivision 8(a) provided adequate protection for the county and that intervention would only further complicate the case. The court, however, further ordered that Carver County be notified of all settlement negotiations, dispositive motions, pretrial conferences, or judgments. Carver County appealed from the order to the Minnesota Court of Appeals.

The court of appeals affirmed the decision of the district court. *Norman v. Refsland,* 370 N.W.2d 488 (Minn.Ct.App.1985).

The court found the issue was appealable, but upheld the district court order, ruling that the lower court did not commit a clear abuse of discretion in denying the motion. Acknowledging the advantage for the county in actively participating in the Norman case, the court of appeals, nonetheless, found that the protections provided by statute and in the trial court order sufficiently safeguarded the interests of the county.

Carver County petitioned this court for further review which was granted on September 19, 1985.

The issues raised on appeal are:

I. Is an order denying intervention appealable?

II. Was the court of appeals correct in finding the denial of the motion to intervene was not a clear abuse of discretion?

The court of appeals held that, under Rule 103.03, subdivision (e), an order denying intervention as of right is appealable. Respondents argue that an order denying intervention is not appealable since it is not an order explicitly listed in Minn.R.Civ. App.P. 103.03.

■ Rule 103.03, subdivision (e) provides that an appeal may be taken "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." This court has found that, while an order denying permissive intervention under Minn.R.Civ.P. 24.02 is not appealable, an appeal may be taken from an order denying intervention as of right under Rule 24.01. *See Engelrup v. Potter,* 302 Minn. 157, 159, 224 N.W.2d 484, 485–86 (1974); *Thibault v. Bostrom,* 270 Minn. 511, 512 n. 1, 134 N.W.2d 308, 310 n. 1 (1965). The county's motion to intervene was based on section 176.061, subdivision 10, which it claimed gave it a right of intervention. It is, therefore, an appealable order under Rule 103.03, subdivision (e).

---

1. At oral argument, counsel for the county disclosed that, since the date of the court of appeals opinion, he has commenced a separate action and that the other parties have brought a motion to consolidate his action with the pending actions.

The county asserts that the district court's denial of intervention was an abuse of the limited discretion allowed a trial court in denying a petition for intervention as of right. The protection that the district court order provides, the county maintains, is not adequate to safeguard its interests since it comes into effect only after the litigation advances to the settlement stage. In addition, due to Minn.R.Civ.P. 5.04, which no longer requires that discovery documents be filed with the court, the county argues that it will not even be able to monitor discovery. Without participating in or monitoring discovery, the county maintains that its interests in the action are not adequately protected and that, therefore, it has the right to intervene. Furthermore, the county emphasizes that its motion was timely since it was made only 1½ months after the complaint was filed and that intervention is in the interests of judicial economy.

The respondents argue that the court of appeals was correct in concluding that the district court's denial of intervention was not a clear abuse of discretion.

 The preliminary question is the correct standard of review for orders denying intervention as of right. The court of appeals found that a decision concerning intervention is left to the discretion of the trial court and will be reversed only when there has been a clear abuse of its discretion. This is correct only for cases of permissive intervention under Rule 24.02. *See, e.g., SST, Inc. v. City of Minneapolis,* 288 N.W.2d 225, 231 (Minn.1979); *Snyder's Drug Stores, Inc. v. State Board of Pharmacy,* 301 Minn. 28, 34, 221 N.W.2d 162, 166 (1974). For orders concerning intervention as of right under 24.01, this court has not previously made direct reference to the standard of review employed. However, in reviewing such orders, we have independently assessed the appropriateness of the order. *See, e.g., Miller v. Astleford Equipment Co., Inc.,* 332 N.W.2d 653, 654–55 (Minn.1983); *Engelrup v. Potter,* 302 Minn. at 159–64, 224 N.W.2d at 485–88. The standard is similar to that used by the

federal court in reviewing orders under Fed.R.Civ.P. 24(a)(2). *See, e.g., Brink v. DaLesio,* 667 F.2d 420, 428–29 (4th Cir. 1981). We are not held to a standard of review requiring a clear abuse of discretion before we may reverse the district court denial for a petition for intervention as of right.

Minn.R.Civ.P. 24.01 states the requirements for intervention as of right as follows:

> Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

An employer paying workers' compensation benefits to an employee will possess indemnification and subrogation rights and, therefore, has an interest relating to the transaction which is the subject of the action. *See Miller,* 332 N.W.2d 653. Minn. Stat. § 176.061, subd. 5(a) provides that the employer has an interest in the action and may intervene if the action is not diligently prosecuted or if intervention is necessary in order to protect the interests of the employer:

> If an action against the other party is brought by the injured employee or the employee's dependents and a judgment is obtained and paid or settlement is made with the other party, the employer or the special compensation fund may deduct from the benefits payable the amount actually received by the employee or dependents or paid on their behalf in accordance with subdivision 6. *If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer or the special compensation fund, upon application the court may grant the employer or the special compensation fund the right to intervene in the action for the prosecution of the action.*

If the injured employee or the employee's dependents or any party on their behalf receives benefits from the employer or the special compensation fund or institutes proceedings to recover benefits or accepts from the employer or the special compensation fund any payment on account of the benefits, the employer or the special compensation fund is subrogated to the rights of the employee or the employee's dependents or has a right of indemnity against a third party.

(Emphasis added.) The statute also provides that a separate cause of action, in which the employee may intervene, could be brought by the employer against the third party.[2] Minn.Stat. § 176.061, subd. 5(a) (1984). In addition, section 176.061 provides the employer with lien claims and set-off rights and requires that, if any settlement is to be valid, notice of the institution of the lawsuit and of settlement negotiations must be given an employer who has not intervened:

In every case arising under subdivision 5, a settlement between the third party and the employee is not valid unless prior notice of the intention to settle is given to the employer within a reasonable time. If the employer or insurer pays compensation to the employee under the provisions of this chapter and becomes subrogated to the right of the employee or the employee's dependents or has a right of indemnity, any settlement between the employee or the employee's dependents and the third party is void as against the employer's right of subrogation or indemnity. When an action at law is instituted by an employee or the employee's dependents against a third party for recovery of damages, a copy of the complaint and notice of trial or note of issue in the action shall be served on the employer or insurer. Any judgment rendered in the action is subject to a lien of the employer for the amount to which it is entitled to be subrogated or indemni-

fied under the provisions of subdivision 5.

Minn.Stat. § 176.061, subd. 8(a) (1984).

■ Carver County's interest in the subject matter of the Norman lawsuit is established by statute. Plaintiffs' argument against intervention is that the county's presence would interfere with the control of its case and, therefore, is not justified considering the comparative smallness of the claim. This is not a factor in deciding whether to recognize intervention as of right and is probably common to most cases where intervention is allowed. Furthermore, the district court took into account the fact that the county's intervention would complicate the case. While this is a consideration in 24.02 permissive intervention, it is not used in 24.01 intervention-as-of-right analysis. Minn.R.Civ.P. 24.01. Therefore, the crux of the present issue is whether the notice provisions of section 176.061, subdivision 8(a), coupled with the trial court's requirement that the parties notify the county of any dispositive motions, pretrial conferences or judgments in this action, adequately protect the county's interests under Rule 24.01 and section 176.-061, subdivision 5(a).

■ The notice provision of section 176.-061, subdivision 8(a) was not intended as the exclusive means by which the employer's subrogation rights were to be protected since section 176.061, subdivision 5(a) also provides the employer the right to intervene. Indeed, the district court found it necessary to add the requirement, not found in the statute, that the parties notify the county of other trial developments. The county persuasively argues that only active participation in the trial, especially in discovery, will protect its interests. We find that the county has met its burden under Rule 24.01 by proving that it has an interest in the action and that its interest would be impaired or impeded by not fully participating in the litigation. While the

---

**2.** The court has ruled that an employer, such as the county, may bring a separate cause of action against third parties under the Dram Shop Act or may intervene in the employee's action against dram shop defendants. *Paine v. Water Works Supply Co.,* 269 N.W.2d 725, 728–30 (Minn.1978).

statutory and court-imposed safeguards may provide the county some protection, this court has emphasized that, under modern practice, the extensive use of intervention should be encouraged. *See Costley v. Caromin House, Inc.,* 313 N.W.2d 21, 28–29 (1981) ("We have followed the policy of encouraging all legitimate interventions. * * * Since [intervenors] have the necessary interest and are inadequately represented, the denial was not justified. Nor would intervention unduly delay or prejudice the rights of other parties."); *Engelrup v. Potter,* 302 Minn. at 164, 244 N.W.2d at 488; *Avery v. Campbell,* 279 Minn. 383, 389, 157 N.W.2d 42, 46 (1968). In *Easterlin v. State,* 330 N.W.2d 704, 708 (Minn. 1983), the court stressed the value of intervention for the employer seeking to protect its subrogation rights:

> [I]n presenting its subrogation claim, the employer will require the assistance of the employee and will have to prove to the satisfaction of a jury not only the liability of the tortfeasor but the nature and extent of the employee's disability. An added complication may arise if at the same time the employer is proving the employee's disability claim against the tortfeasor the employee is asserting a claim for further disability compensation benefits against the employer.

> It is enough for our purposes here to note that an employer, although left with its subrogation claim intact, has an assortment of problems in presenting that claim. Thus it is important for the employer, if the employee has already commenced suit, to be able to appear therein or to exercise its statutory right to intervene. Furthermore, the employer should not be denied whatever tactical advantage there might be in attempting to settle its subrogation claim at the same time the employee is settling his claim for nonworkers' compensation damages. It may be that the employer will not be able to settle its claim, but it should not be deprived of the opportune time to try.

What is important, too, from the standpoint of the administration of justice, is that every reasonable effort be made to avoid a multiplicity of lawsuits.

Judicial economy also favors intervention in this case. It is our policy to encourage intervention wherever possible. It makes little sense for the county and the other parties to be required to sit back on the sidelines or be forced to bring a separate lawsuit and then attend numerous motion hearings brought for consolidation. This is not the best use of the court's time or the clients' funds, and it was error to deny the motion for intervention.[3]

The court of appeals is reversed and the case remanded to the trial court with instruction to grant appellant's motion to intervene and participate in all discovery and settlement negotiations.

COYNE, J., took no part in the consideration or decision of this matter.

---

**3.** Carver County's intervention need not unduly complicate the trial of the case as the judge, in the management of the trial, may limit the participation of Carver County's counsel to the extent necessary to assure that its subrogation interest is adequately presented.