Robert and Geraldine TIERNEY, as parents and natural guardians of Kurt Tierney, a minor, and Kurt Tierney, individually, Respondents,

v.

AMERICAN GROUP BENEFIT SERVICES, INC., Applicant for Intervention, Appellant,

Tina Lynn Sullivan, et al., John Fitzgerald, County of Wabasha, Northern States Power Company, Respondents.

No. C7–87–18.

Court of Appeals of Minnesota.

June 2, 1987.

James Paul Young, Rochester, for Robert and Geraldine Tierney.

Stacy A. DeKalb, Minneapolis, for American Group Benefit Services, Inc.

John B. Arnold, Rochester, for Tina Lynn Sullivan.

Jeffrey A. Hanson, Rochester, for John Fitzgerald and Wabasha County.

Stephen C. Lapadat, Minneapolis, Northern States Power Co.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

**580**

## OPINION

NIERENGARTEN, Judge.

American Group Benefit Services, Inc., (American Group) appeals from denial of its motion to intervene as of right in this personal injury action. We affirm.

## FACTS

Kurt Tierney brought this personal injury action seeking recovery for injuries he sustained when the moped he was riding collided with an automobile. At the time of the accident, Kurt Tierney was insured under a health insurance policy his father, Robert Tierney, maintained with American Group. American Group did not dispute coverage, but required Robert Tierney to sign a subrogation agreement prior to paying Kurt's medical expenses.

Shortly after this action was commenced, American Group moved to intervene as of right, pursuant to Minn.R.Civ.P. 24.01. Tierney objected, the trial court denied intervention and American Group appeals.

## ISSUE

Did the trial court err in denying American Group's motion to intervene pursuant to Minn.R.Civ.P. 24.01?

## ANALYSIS

Orders denying intervention as of right under Minn.R.Civ.P. 24.01 are appealable and, on appeal, the reviewing court will independently assess the appropriateness of the order. *Norman v. Refsland,* 383 N.W.2d 673, 675–76 (Minn.1986).

Minn.R.Civ.P. 24.01 provides:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24.01 establishes a two-part test for evaluating motions for intervention as of right. *See Miller v. Astleford Equipment Co.,* 332 N.W.2d 653, 654 (Minn.1983). To meet the first part of the test appellant must "[claim] an interest relating to the property or transaction which is the subject of the action." *Id.* A right of subrogation is a sufficient interest for purposes of Minn.R.Civ.P. 24.01. *Id.* American Group has a right of subrogation both under the provisions of the insurance policy and under the subrogation agreement signed by Tierney, thus it meets the first part of the test.

The second part of the test requires only that there be some impairment of or impediment to the potential intervenor's ability to protect that interest as a practical matter. *Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 207 (Minn.1986). American Group fails to show that intervention is needed to protect its interest. Prior to verdict, American Group has the opportunity to settle its claims against defendants at any time and does not need to intervene to do so. After verdict, all American Group has to do is provide the court with a list of payments it made for Tierney's medical expenses. *See* Minn.Stat. § 548.36, subd. 2 (1986).

American Group also fails to show that its interest is not adequately represented by the existing parties. *State ex rel. Donnell v. Jourdain,* 374 N.W.2d 204, 206 (Minn.Ct.App. 1985). There is no showing of inadequacy of Tierney's counsel, who is required to assert and protect the health provider's interest. *Westendorf ex rel. Westendorf v. Stasson,* 330 N.W.2d 699 (Minn.1983).

## DECISION

The trial court properly denied American Group's motion to intervene.

Affirmed.