Dale HUSFELDT and Ardis
Husfeldt, Respondents,

v.

Martha WILLMSEN as Trustee for the
Estate of Walter Willmsen,
Respondent,

and

Farm Bureau Mutual Insurance
Company, Appellant.

No. C8–88–1561.

Court of Appeals of Minnesota.

Jan. 10, 1989.

Robert M. Halvorson, New Ulm, for appellant.

Leo M. Daly, St. Paul, for Dale Husfeldt and Ardis Husfeldt.

Richard T. Rodenberg, New Ulm, for Martha Willmsen.

Heard, considered and decided by FOLEY, P.J., and NORTON and FLEMING,* JJ.

## OPINION

FLEMING, Judge.

Appellant Farm Bureau Mutual Insurance Company (Farm Bureau) filed a motion pursuant to Minn.R.Civ.P. 24.01 and 24.02 to intervene as a party defendant in a suit by its insured against an underinsured tortfeasor. The trial court denied the motion to intervene, finding that Farm Bureau had preserved its subrogation rights and stood in the plaintiff's shoes for purposes of pursuing a claim against the tortfeasor. The trial court further found that intervention by Farm Bureau as a party defendant was inappropriate under the circumstances. Farm Bureau appeals, claiming it has an interest in this action which is not adequately represented by the existing parties. We affirm.

## FACTS

On December 31, 1984, respondent Dale Husfeldt was injured in an automobile accident involving Walter Willmsen. Husfeldt and his wife, Ardis Husfeldt, commenced this action (*Husfeldt v. Willmsen*) against

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Martha Willmsen as trustee for the estate of her late husband, Walter Willmsen. The Husfeldts alleged that Walter Willmsen negligently caused the automobile collision. They sought damages in excess of $50,000 for Dale's injuries and Ardis' loss of consortium. Dale Husfeldt was insured by Farm Bureau and Walter Willmsen was insured by State Farm Insurance Company (State Farm) at the time of the accident.

On the date of trial, September 21, 1987, settlement negotiations were conducted between Willmsen, State Farm, and the Husfeldts. A record of the negotiations was made in the presence of the trial court and a tentative settlement was reached wherein the loss of consortium claim was dismissed with prejudice and the suit against Willmsen was tentatively settled for the sum of $60,000. Husfeldt believed his underinsured claim had been preserved.

On June 30, 1987, the Husfeldts commenced a second action (*Husfeldt v. Farm Bureau*), claiming underinsurance benefits for the same accident under a policy they had purchased from Farm Bureau. This case is pending in Washington County. At the time of the 1984 accident, Willmsen's insurance policy with State Farm had a liability limit of $100,000. The Husfeldts alleged that their damages arising from the accident were in excess of $100,000 and that their Farm Bureau policy provided to them underinsured coverage in a total sum of $500,000.

On September 21 and September 24, 1987, counsel for the Husfeldts sent letters to Farm Bureau giving notice of the tentative $60,000 settlement pursuant to the requirements of *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983).

After receiving notice from the Husfeldts, Farm Bureau, pursuant to the holding of *Schmidt*, forwarded its own check for $60,000, noting that Farm Bureau would not consent to a release by the Husfeldts of their claim in light of the fact that the State Farm insurance policy had a $100,000 limit and the Willmsen estate had available assets. Upon receipt of the check substituted by Farm Bureau, the Husfeldts' attorney returned State Farm's check to Willmsen's attorney.

Defendant Willmsen filed a motion to dismiss *Husfeldt v. Willmsen* and for entry of a court order finalizing the settlement. In addition, Farm Bureau filed the subject motion to intervene as a defendant in *Husfeldt v. Willmsen* under Minn.R. Civ.P. 24.01, 24.02. Farm Bureau asserted in the motion that it had preserved its subrogation rights against Willmsen and State Farm by substituting its check for $60,000. Farm Bureau further asserted that it did not consent to any release of Willmsen in the amount of $60,000. Farm Bureau also contended it would be jeopardized greatly if not allowed to intervene as a defendant.

On June 20, 1988, the trial court denied defendant Willmsen's motion to dismiss and also denied Farm Bureau's motion to intervene as a party defendant. The trial court found the transcript of the settlement proceeding reflected that Husfeldt intended to preserve his underinsured claim. The trial court concluded that preservation of Husfeldt's underinsured claim was a condition of settlement. The trial court further found that Farm Bureau was given the required notice under *Schmidt* of the tentative settlement and elected not to acquiesce to settlement when it substituted its payment of $60,000 for that of State Farm.

Because preservation of Husfeldt's underinsured claim was a condition to settlement and because Farm Bureau did not elect to agree to settlement, the trial court denied Willmsen's motion to dismiss. The trial court further concluded that Farm Bureau has properly protected its subrogation rights against Willmsen and State Farm and now stands in Husfeldt's shoes and may pursue its subrogation claim against the tortfeasor. Under such circumstances, the trial court concluded that intervention as a party defendant was inappropriate.

ISSUE

Did the trial court err in denying Farm Bureau's motion to intervene as a party defendant pursuant to Minn.R.Civ.P. 24.01?

## ANALYSIS

■ Farm Bureau filed its motion to intervene under Minn.R.Civ.P. 24.01 and 24.02. Orders denying permissive intervention under Rule 24.02 are not appealable. *Engelrup v. Potter,* 302 Minn. 157, 224 N.W.2d 484 (Minn.1974). However, orders denying intervention as of right under Rule 24.01 are appealable, and on appeal, the reviewing court will independently assess the appropriateness of the order. *Tierney v. American Group Benefit Services, Inc.,* 406 N.W.2d 579, 580 (Minn.Ct.App.1987) (citing *Norman v. Refsland,* 383 N.W.2d 673, 675–76 (Minn.1986)).

Minn.R.Civ.P. 24.01 provides:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

To intervene as of right under Rule 24.01, a nonparty movant must establish:

(1) a timely application for intervention; (2) an interest relating to the property or transaction which is the subject of the action; ˙(3) circumstances demonstrating that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) *a showing that the party is not adequately represented by the existing parties.*

*Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 207 (Minn.1986) (emphasis added).

■ Farm Bureau claims that its interest is not being adequately represented by the existing parties. Farm Bureau further claims that it must be allowed to intervene as a defendant in this action to protect its rights and interests as an underinsurer. It is concerned that it might be bound by a verdict and settlement in the pending action that would be in excess of Willmsen's limits of liability with State Farm.

Farm Bureau asserts that a recent decision of this court does contemplate such intervention. *See Traver v. Farm Bureau Mutual Insurance Co.,* 418 N.W.2d 727 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Apr. 15, 1988). The facts in this case are similar to *Traver* and probably would permit intervention if Farm Bureau met the intervention test of *Schumacher.* The *Traver* court stated:

Farm Bureau chose not to intervene, but clearly was entitled to intervention upon a showing that its rights were not adequately represented. *See Erickson v. Bennett,* 409 N.W.2d 884, 885 (Minn.Ct. App.1987).

*Id.* at 732.

Appellant also relies on *Erickson.* In *Erickson* the insurer was permitted to intervene to defend against a claim its insured was making against an uninsured defendant. The defendant was not represented by counsel and had allowed the plaintiff to recover a default judgment. In permitting the default judgment to be reopened and allowing the insurer to defend against its insured, the court found that the insurer had met the *Schumacher* test, and that clearly its rights *were not* adequately represented. The court cautioned, however,

[o]ur decision to permit St. Paul to intervene does not mean, however, that an uninsured motorist carrier may intervene in every action between its insured and the uninsured motorist. Such a position would neither promote judicial economy nor be practical from an insurer's perspective. An insurer may not intervene unless its interests are not being adequately protected by the existing parties.

*Erickson,* 409 N.W.2d at 888.

We come to the question then whether or not Farm Bureau met the four-part test of *Schumacher.* The trial court did not expressly address the matter in terms of *Schumacher.*

It appears to be clear from the record, however, that appellant has clearly failed to meet requirement number four, that is, it has not made a showing that its rights are not being adequately represented by

the existing parties. It made a conclusory statement that its rights will be jeopardized, but gave no specific facts or reasons why.

There is no suggestion that Willmsen and his insurer, State Farm, will not vigorously defend against appellant's claims both from a liability and damage standpoint. No facts were presented that would permit a finding that appellants' rights are not being protected by the existing party.

## DECISION

Farm Bureau has preserved its subrogation rights under *Schmidt*. There has been no showing that Willmsen, as an existing party, will not adequately represent Farm Bureau's asserted interest in limiting potential underinsurance liability. The trial court did not err in concluding that intervention by Farm Bureau as a party defendant is inappropriate under the circumstances.

AFFIRMED.