**BE & K CONSTRUCTION COMPANY, et al., Respondents,**

**and**

**Minnesota Pipe Trades Association, applicant for intervention, Appellant,**

**v.**

**Kenneth R. PETERSON, as Commissioner of the Minnesota Department of Labor and Industry, et al., Respondents.**

No. C0–90–1442.

Court of Appeals of Minnesota.

Jan. 15, 1991.

Marshall H. Tanick, Teresa J. Ayling, Mansfield & Tanick, Minneapolis, for Minnesota Pipe Trades Ass'n.

Lowell J. Noteboom, Robert P. Thavis, Lawrence P. Schaefer, Leonard, Street &

Deinard, Minneapolis, for BE & K Const. Co.

Hubert H. Humphrey, III, Atty. Gen., Jon K. Murphy, Sp. Asst. Atty. Gen., St. Paul, for Kenneth Peterson, et al.

Considered and decided by SHORT, P.J., and LANSING and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

Appellant Minnesota Pipe Trades Association (MPTA) moved to intervene by right or permissively to prevent disclosure of information provided by its members in the Minnesota Department of Labor and Industry examination process for high-pressure pipefitters licenses. Appellant argues the trial court erred by denying intervention under both theories. We affirm in part and reverse in part.

## FACTS

### A. *Underlying Action*

On several occasions in the fall of 1989, BE & K Construction Co. (BE & K) and Michael Cochrane sought disclosure of numerous documents pertaining to the examination and licensing of high-pressure pipefitters from the Minnesota Department of Labor and Industry (Department). The requests were made pursuant to the Minnesota Government Data Practices Act. Minn. Stat. ch. 13 (1988).

The requested documents included all licensing applications received by the department since 1986, all examinations completed since 1986, the answer keys used to grade the examinations, and certain "summary data" respecting the examination process. Cochrane sought access to examinations which he had previously failed. The Department replied that part of of the requested data was nonpublic and not accessible to the public, and that the public data would be made available 180 to 240 days after BE & K deposited $13,700 with the department to cover compilation and duplication expenses. No money was deposited. No data was supplied.

On December 22, 1989, BE & K and Cochrane commenced the underlying action against the Department and its commissioner Kenneth Peterson. The Department again resisted disclosure of the information, and its representative James Berg refused to answer certain deposition questions relating to the examination process. The trial court ordered Berg to answer, and when he again refused, the trial court, on February 12, 1990, ruled that disclosure of the examinations, with the names of the examinees excised, to BE & K's counsel and expert witness under the terms of a protective order would not violate the data practices act. On March 6, 1990, the court of appeals denied the Department's petition for a writ of prohibition. The Department disclosed the license examinations to BE & K's counsel, under a protective order of the trial court.

### B. *Present Action*

The MPTA represents 15 labor organizations, whose members include some 2000 licensed Minnesota steamfitters and pipefitters. On February 22, 1990, MPTA filed an intervener's complaint, seeking to intervene as a plaintiff because the outcome of the underlying action would impair or impede the ability of MPTA to protect its members' interests. MPTA claimed it was entitled to intervene as of right or permissively.

On March 22, 1990, BE & K filed an objection to intervention. On April 2, 1990, MPTA moved for an order allowing it to intervene as a plaintiff. The trial court denied MPTA's motion upon finding that MPTA failed to meet the requirements for intervention both as of right and permissively.

## ISSUES

1. Is MPTA entitled to intervene as of right?

2. Is MPTA entitled to permissive intervention?

## ANALYSIS

### 1. *Intervention as of Right*

■ When reviewing the denial of a petition for intervention as of right, we must

independently assess the appropriateness of the order. *Norman v. Refsland*, 383 N.W.2d 673, 676 (Minn.1986). Minn.R. Civ.P. 24.01 establishes a four-part test which a nonparty must meet before being allowed to intervene as of right:

> (1) a timely application for intervention; (2) an interest relating to the property or transaction which is the subject of the action; (3) circumstances demonstrating that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) a showing that the party is not adequately represented by the existing parties.

*Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 207 (Minn.1986). It is public policy to encourage intervention whenever possible. *Norman*, 383 N.W.2d at 676.

### A.  Timely Application

■ MPTA filed an intervener's complaint two months after the underlying action was commenced. BE & K waited 30 days to object. Minn.R.Civ.P. 24.03. MPTA then filed a motion to intervene 10 days later. The trial court found the motion untimely, mistakenly concluding that the issue concerning the privacy of the information had been resolved because the examinations had already been produced. The only action taken at that time was a sanction against the Department for failure to produce documents requested pursuant to a discovery request. No final determination has been made regarding whether the information contained in the licensing applications and examinations is data accessible to the public. Because no rights have been adjudicated between BE & K and the Department, and no new issues have been introduced which will prejudice them, MPTA should not be barred from intervening on the ground that its motion was untimely. *See Engelrup v. Potter*, 302 Minn. 157, 166, 224 N.W.2d 484, 489 (1974).

### B.  Protectible Interest

■ Rule 24.01 is designed to protect nonparties from having their interests adversely affected by litigation conducted without their participation. *Gruman v. Hendrickson*, 416 N.W.2d 497, 500 (Minn. App.1987). BE & K argues MPTA does not have a protectible interest because BE & K is only seeking disclosure of licensing and examination information, which has already been produced subject to a protective order, and summary data, which by definition is public. Minn.Stat. § 13.05, subd. 7 (1988).

MPTA contends it has a protectible interest because it seeks to prevent disclosure of all nonpublic data concerning its members. This information can only be obtained from the Department. MPTA claims that if the information contained in the applications and examinations is determined to be public and available for disclosure without a protective order, its members' privacy interests could be irreparably harmed. MPTA's members would have no voice in the decision which directly affects them unless MPTA is allowed to intervene.

### C.  Impediment to MPTA's Ability To Protect Its Interest

Whether disposition of the underlying action may impair or impede MPTA's ability to protect its interests should be viewed from a practical standpoint rather than one based upon strict legal criteria. *Minneapolis Star & Tribune*, 392 N.W.2d at 207. If nonpublic licensing information is made accessible to the public, MPTA's members would have no interests to protect. The damage would be irreparable. *Cf. Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn.1989).

### D.  Inadequate Representation

MPTA contends its interests will not be adequately represented by the Department. The Department agreed to disclose all summary data upon receipt of the necessary funds from BE & K. Summary data are statistical reports and records in which the identities of individuals are not revealed. Minn.Stat. § 13.02, subd. 19 (1988). MPTA believes that *all* of the information sought by BE & K falls within the licensing data statute. Minn.Stat. § 13.41 (1988). Under this statute, all licensing data is private

*except* for applicants' names and addresses. Minn.Stat. § 13.41, subd. 2 (1988).

Furthermore, the Department disclosed the examinations with the names excised without taking any action to establish limitations on the scope of the protective order. MPTA believes the protective order should be effective only for a limited period of time and acceptable uses of the information should be clearly defined.

Whether the licensing information and the summary data are public, in whole or in part, has yet to be resolved by the trial court. Due to the department's failure to seek restrictions on the protective order and its willingness to disclose all summary data, it appears the interests of MPTA's members will not be adequately represented unless MPTA is allowed to actively participate in the underlying action.

In addition, we find no merit to BE & K's claims that MPTA's intervention as a plaintiff is precluded because the interests of MPTA and BE & K are adverse. This is often the case in analogous interpleader actions where one party may be subject to liability to two or more plaintiffs. Minn.R. Civ.P. 22 expressly prohibits objections to interpleader based on adverse plaintiffs. In this case, the Department may be liable to MPTA if it divulges the data, or to BE & K if it does not.

The appropriateness of allowing intervention on these facts is buttressed by the availability of a private cause of action against the Department should it violate or propose to violate the Data Practices Act. Minn.Stat. § 13.08 (1988). Since MPTA could commence an independent action to protect the interests of its members, intervention in this proceeding preserves judicial resources.

Upon independently assessing the trial court's order denying MPTA's motion for intervention as of right in light of Rule 24.01's four-part test, we find the order was inappropriate and reverse.

### 2. *Permissive Intervention*

▪ The trial court determined that inclusion of MPTA in the underlying action would unduly confuse and delay the proceedings. MPTA's motion for permissive intervention was denied. *See* Minn.R. Civ.P. 24.02. The denial of permissive intervention is not appealable as of right. *Husfeldt v. Willmsen*, 434 N.W.2d 480, 482 (Minn.App.1989). Where appeal has been allowed, the abuse of discretion standard is applied. *Norman*, 383 N.W.2d at 676.

Although we may have ruled differently, we are not convinced the denial of permissive intervention constituted abuse of discretion.

### DECISION

Rule 24 is to be liberally applied to encourage all legitimate interventions. We reverse the denial of MPTA's motion for intervention as of right. MPTA meets the four-part test entitling it to intervene as of right. We affirm the denial of permissive intervention upon finding no abuse of discretion.

Affirmed in part and reversed in part.

SHORT, Judge (dissenting).

I respectfully dissent. An order denying permissive intervention under Minn.R. Civ.P. 24.02 is not subject to appellate review. *See Engelrup v. Potter*, 302 Minn. 157, 224 N.W.2d 484, 485–86 (1974); *Husfeldt v. Willmsen*, 434 N.W.2d 480, 482 (Minn.App.1989). The issue before us is whether the trial court appropriately denied MPTA's motion to intervene as of right under Minn.R.Civ.P. 24.01. The record demonstrates (a) all but one of the issues have been adjudicated; (b) the documents sought to be protected are either public data or have already been produced subject to a protective order; (c) there is no adversity of interest between MPTA and the state or collusion between the existing parties; and (d) the state is representing MPTA's interests. Analyzing this evidence under the test set forth in *Minneapolis Star & Tribune v. Schumacher*, 392 N.W.2d 197, 207 (Minn.1986), I believe the trial court appropriately denied MPTA's motion to intervene and would affirm the trial court's decision in all respects.