*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0737
A16-1161**

Jerald Hammann,
Appellant,

vs.

Wells Fargo Bank, N. A.,
Respondent,

and

Wells Fargo Bank N. A.,
Respondent,

vs.

Jeffrey Robert Busch,
Respondent,

Pamela Jean Busch,
Defendant,

Jerald Hammann,
Appellant.

**Filed January 3, 2017
Affirmed
Kirk, Judge**

Hennepin County District Court
File Nos. 27-CV-HC-16-719, 27-CV-HC-13-7239

Jerald Hammann, Minneapolis, Minnesota (pro se appellant)

Jared D. Kemper, Kristina Kaluza, Dykema Gossett PLLC, Minneapolis, Minnesota (for respondent Wells Fargo Bank N. A.)

Jeffrey Robert Busch, Eden Prairie, Minnesota (respondent)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**KIRK**, Judge

In this consolidated appeal, appellant challenges the district court's order dismissing his claims of ouster, unlawful exclusion, and breach-of-landlord covenants against respondent bank, and the court's denial of his motions to intervene and for relief from judgment in a closed eviction action. We affirm.

## FACTS

Appellant Jerald Hammann entered a one-year residential lease to rent the property at issue in this case from respondent Jeffrey Robert Busch and defendant Pamela Jean Busch beginning January 1, 2010 through December 31, 2010. On June 22, 2010, following the Busches' default on their mortgage, respondent Wells Fargo Bank, N.A. initiated a foreclosure by advertisement on the property. On October 4, 2011, the Hennepin County Sheriff sold the property to Wells Fargo in a foreclosure sale. The Busches did not redeem the property.

On November 26, 2013, Wells Fargo mailed a "demand for possession of property" letter addressed to the Busches, Hammann, "Occupant(s)," and any known or unknown tenants. The letter stated that Wells Fargo had purchased the property, informed tenants

that they were permitted to remain in the property for 90 days, and requested that tenants entitled to additional rights forward specified information to Wells Fargo's counsel. Hammann maintains that he did not receive a copy of the demand for possession letter.

On December 12, 2013, after receiving no response regarding the property's occupancy, Wells Fargo commenced an eviction action against the Busches, John Doe, and Mary Roe (the eviction action). Wells Fargo mailed a copy of the summons and complaint to the property, addressed to the Busches, Hammann, and "Occupant(s)," and later served the defendants by leaving a copy of the summons and complaint with Mr. Busch at the property. Hammann did not appear in the eviction action. The district court granted summary judgment in favor of Wells Fargo and awarded it possession of the property. By order opinion, this court affirmed the district court's grant of summary judgment for Wells Fargo. *Wells Fargo Bank, N.A. v. Jeffrey Robert Busch, Appellant, Pamela Jean Busch, et al., Defendants*, No. A14-0645 (Minn. App. Feb. 2, 2015).

On November 25, 2015, the district court issued a writ of recovery of premises for the property, which stated, "Plaintiff(s) is/are entitled to recovery from Defendant(s) of [the property]," and "[t]he Sheriff shall remove Defendant(s) from the property, using the force of the County if necessary, and return the premises to Plaintiff(s) according to the procedure set out in Minn. Stat. § 504B.365." On December 10, 2015, Wells Fargo recovered possession of the property.

On February 5, 2016, Hammann filed an action against Wells Fargo, alleging claims of ouster under Minn. Stat. § 504B.231(a) (2014), unlawful exclusion or removal under Minn. Stat. § 504B.375 (2014), and breach-of-landlord covenants under Minn. Stat.

3

§ 504B.161 (2014). Wells Fargo moved to dismiss, or in the alternative, for summary judgment, arguing that Hammann failed to state a claim upon which relief could be granted and that his claims are an impermissible collateral attack on the district court's prior issuance of a writ of recovery of the property. The district court granted Wells Fargo's motion and dismissed Hammann's claims with prejudice. Hammann moved to amend his complaint after Wells Fargo filed its motion to dismiss, but the district court determined his motion to amend was moot due to its dismissal with prejudice.

Next, in March and May, 2016, Hammann filed the following in the eviction action: (1) a notice to intervene; (2) a motion for relief from judgment; and (3) a motion to intervene as of right under Minn. R. Civ. P. 24.01. The district court denied Hammann's motion to intervene because he had failed to properly serve all of the parties as required under rule 24.01 and because Hammann's motion was untimely. The district court later denied Hammann's motion to review its prior decision and did not address the merits of Hammann's motion for relief from judgment.

This consolidated appeal follows.

## D E C I S I O N

**I.    The district court did not err in dismissing Hammann's claims against Wells Fargo.**

When reviewing a case dismissed under Minn. R. Civ. P. 12.02(e) for failure to state a claim upon which relief can be granted, the question before this court is whether the complaint sets forth a legally sufficient claim for relief. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003). Our standard of review is de novo. *Id.* "It is

4

immaterial to our consideration here whether or not the plaintiff can prove the facts alleged." *Elzie v. Comm'r of Pub. Safety*, 298 N.W.2d 29, 32 (Minn. 1980). "But a legal conclusion in the complaint is not binding on us," and "[a] plaintiff must provide more than labels and conclusions." *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010).

Acting pro se, Hammann argues that the district court erred in dismissing his claims of ouster, unlawful exclusion, and breach-of-landlord covenants under rule 12.02(e) as an improper collateral attack on the eviction action judgment. Specifically, Hammann bases his ouster and unlawful exclusion claims on Wells Fargo's use of "John Doe," and its failure to name Hammann, in the eviction action. Hammann argues that such conduct indicates that Wells Fargo acted unlawfully and in bad faith, thus rendering him outside the scope of the writ of recovery.

Hammann's ouster claim requires him to establish that Wells Fargo acted "unlawfully and in bad faith" in removing or excluding Hammann from the property. Minn. Stat. § 504B.231(a). His unlawful-exclusion claim requires him to establish that Wells Fargo acted without a writ of recovery of the property and order to vacate in favor of Wells Fargo and against Hammann. Minn. Stat. § 504B.375, subd. 1(b)(2). Finally, his breach-of-landlord-covenants claim requires him to establish that a lease or license agreement existed between Wells Fargo and Hammann. Minn. Stat. § 504B.161.

First, the record includes numerous examples where Wells Fargo sought to identify and include all occupants, known and unknown, in the eviction action. Despite these efforts, Hammann did not appear in the eviction action and waited until February 2016 to challenge the district court's order and writ of recovery of premises. As such, Hammann

5

is unable to allege facts sufficient to establish that Wells Fargo acted unlawfully and in bad faith, and his ouster claim must fail. Second, by entering judgment and issuing a writ of recovery for Wells Fargo, the district court determined that Wells Fargo was entitled to possess the property over the Busches and any unknown occupants. Therefore, Hammann is unable to establish that Wells Fargo acted without the proper writ of recovery and order to vacate, and his unlawful-exclusion claim fails. Third, Hammann concedes that he does not have a lease agreement with Wells Fargo; that he was not aware that Wells Fargo owned the property; and that he did not make any payments to Wells Fargo. Based on these concessions, Hammann is unable to allege facts sufficient to establish that a lease or license agreement existed, and therefore his breach-of-landlord-covenants claim must fail. Accordingly, the district court did not err in dismissing Hammann's claims against Wells Fargo under rule 12.02(e).[1] Because dismissal was appropriate, we need not consider whether Hammann's claims were an improper collateral attack upon the eviction action judgment.

## II.    The district court did not err in denying Hammann's motion to intervene in the eviction action or in denying review.

We review the appropriateness of an order denying intervention as of right de novo. *Norman v. Refsland*, 383 N.W.2d 673, 676 (Minn. 1986). As a nonparty to the eviction

---

[1] Because the record indicates that Hammann is unable to allege legally sufficient claims, the district court's denial of his motion to amend was not a clear abuse of discretion. *Johns v. Harborage I, Ltd.*, 664 N.W.2d 291, 295 (Minn. 2003). In addition, the district court properly denied Hammann's request to enlarge the record because "a judge's review of a decision recommended by the referee shall be based upon the record established before the referee," and there is no indication that enlarging the record was necessary to prevent manifest injustice. Minn. R. Gen. Pract. 1.02, 611(a).

action, Hammann must demonstrate the following: (1) a timely application for intervention; (2) an interest relating to the property or transaction which is the subject of the action; (3) circumstances demonstrating that the disposition of the action may as a practical matter impair or impede the party's ability to protect that interest; and (4) a showing that the party is not adequately represented by the existing parties. Minn. R. Civ. P. 24.01; *see Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 207 (Minn. 1986). Assessing the timeliness of a motion to intervene must be determined on a case-by-case basis. *Engelrup v. Potter*, 302 Minn. 157, 165, 224 N.W.2d 484, 487 (1974). Also, Minn. R. Civ. P. 24.03 requires a person desiring to intervene to serve all parties to the action.

Here, in assessing Hammann's motion to intervene, the district court noted that "evictions are extremely limited, expedited actions that solely determine present right of possession to real property," and that "[the eviction action] was commenced in 2013, and resulted in judgment for [Wells Fargo] in February of 2014 – more than two years ago." In addition, Hammann concedes that he did not properly serve his notice and motion on the defendants in the eviction action. Based on this same reasoning, we conclude that Hammann's motion to intervene was properly denied due to his ineffective service and his motion's untimeliness.

Hammann further argues that the district court wrongfully denied review of the order denying his motion to intervene. The district court issued an order denying Hammann's motion to intervene on June 29, 2016, and Hammann filed a notice of review on July 13, 2016. The record indicates that Hammann received service by electronic

7

means. Accordingly, the district court properly denied review because Hammann's notice of review was not filed within the deadline established under Minn. R. Gen. Pract. 611(a).

**III.    Hammann's motion for relief from judgment under Minn. R. Civ. P. 60.02 is improper.**

This court has noted that the summary nature of an eviction proceeding "is comparable to the summary nature of the former unlawful-detainer proceeding." *Fraser v. Fraser*, 642 N.W.2d 34, 40 (Minn. App. 2002). Such proceedings are intended to ascertain which party has the right to possess the land in question. *Dahlberg v. Young*, 231 Minn. 60, 63-64, 42 N.W.2d 570, 573-74 (1950). "The supreme court has consistently held that post-trial orders in unlawful detainer proceedings are non-appealable." *Tonkaway Ltd. P'ship v. McLain*, 433 N.W.2d 443, 443 (Minn. App. 1988). Accordingly, we do not review Hammann's challenge to the district court's denial of his rule 60.02 motion.

**Affirmed.**