David E. MALMIN, et al., Appellants,

v.

MINNESOTA MUTUAL FIRE &
CASUALTY COMPANY,
Respondent.

No. C1–95–1274.

Court of Appeals of Minnesota.

Dec. 5, 1995.

Review Granted Feb. 9, 1996.

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Appellants.

Robert S. Cragg, Cragg & Fobbe, Hopkins, for Respondent.

Considered and decided by SHORT, P.J., and PARKER and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellants David E. Malmin and Jeanette Malmin[1] (Malmin) brought this action against respondent Minnesota Mutual Fire & Casualty Company (Minnesota Mutual) to recover underinsured motorist (UIM) benefits. Malmin moved for summary judgment, arguing that a policy provision requiring Minnesota Mutual's written consent to any suit against a tortfeasor was void, unenforceable and against public policy.

The district court denied Malmin's motion for summary judgment, but granted his request to certify the following question as important and doubtful under Minn.R.Civ. App.P. 103.03(h):

Is an injured person who has received a jury verdict on all liability and damage issues against a tortfeasor in an amount in excess of the tortfeasor's underlying liability limits, entitled to a recovery of the excess amount from his underinsured motorist carrier, without a full relitigation of all liability and damage issues in a second action against the underinsured motorist carrier, when the underinsured motorist policy contains a provision that states: "any judgment for damages arising out [of] a 'suit' brought without our written consent is not binding upon us."

Because we conclude that the consent to suit clause is void and unenforceable under the Minnesota No–Fault Act and case law interpreting that Act, we answer the certified question in the affirmative.

## FACTS

In October 1990, Malmin was injured when his vehicle collided with a vehicle driven by Nancy J. Nau Olson. Olson was insured under a policy issued by American Family Insurance Company with liability limits of $50,000. Malmin was insured under a policy issued by Minnesota Mutual with UIM limits of $300,000.

Malmin sued Olson for damages as a result of the accident. Copies of the pleadings and papers were not sent to Minnesota Mutual.[2] Following the July 1994 trial, the jury awarded Malmin $158,973.96 in damages. American Family paid Malmin $50,000.

Malmin sent a demand letter to Minnesota Mutual for UIM benefits. Minnesota Mutual refused payment, claiming that it was not bound by the judgment Malmin obtained against Olson because Malmin failed to obtain Minnesota Mutual's written consent to that tort action. Malmin thereafter brought this action to recover UIM benefits.

## ISSUE

Is an insured who has received a jury verdict on all liability and damage issues against a tortfeasor in an amount exceeding the tortfeasor's liability limits entitled to

---

1. Jeanette Malmin is David Malmin's spouse. She was a plaintiff in the underlying tort action and is a plaintiff in this action against Minnesota Mutual. She claimed and was awarded damages for loss of consortium.

2. While there was some dispute as to whether Minnesota Mutual was aware or should have been aware of the underlying tort action, we confine our decision to the certified question and make no assumption regarding whether notice was given to Minnesota Mutual. We therefore decline to address issues raised by either party regarding due process or the adequacy of any notice received.

UIM benefits without a full relitigation in a second action against the UIM carrier when the UIM policy contains a consent to suit clause?

## ANALYSIS

■ A question properly certified as important and doubtful is reviewed independently by this court as an issue of law. *Foley v. Honeywell, Inc.*, 488 N.W.2d 268, 270 (Minn.1992) (citing *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179–80 (Minn.1988)). Our answer is limited to the facts of this case and the language of the provision contained in Malmin's policy with Minnesota Mutual. *See Roering v. Grinnell Mut. Reinsurance Co.*, 444 N.W.2d 829, 833 n. 3 (Minn.1989) (answer to certified question limited to particular facts and policy involved in case).

■ Malmin argues that the consent to suit clause is void because it requires him to relitigate his case against the tortfeasor, a result contrary to the purposes of the Minnesota No–Fault Act. *See* Minn.Stat. § 65B.42 (1994) (Act intended to relieve economic hardships to uncompensated accident victims, speed administration of justice, and ease burden of litigation on courts). Malmin further argues that the clause is void because it places improper restrictions on statutorily mandated UIM coverage to which he is legally entitled. *See* Minn.Stat. §§ 65B.49, subd. 3a(1) (1994) (policies must provide UIM coverage), 65B.43, subd. 19 (1994) (UIM coverage defined as "coverage for the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury from owners or operators of [UIM] vehicles"). We agree.

Cases interpreting the Act support our decision. In *Schmidt v. Clothier*, 338 N.W.2d 256, 260–61 (Minn.1983), the supreme court was asked to determine whether the following exhaustion clause was enforceable:

> We will pay under this [UIM] coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

*Id.* at 260. The court noted that insureds have the right to full control over a lawsuit against a tortfeasor and to make the best settlement possible. Moreover, enforcement of the exhaustion clauses would force insureds to litigate claims to final judgment in order to exhaust policy limits, thereby increasing litigation costs, decreasing an injured insured's net recovery, delaying payment to insureds, and unnecessarily burdening the court system. Given these concerns, the court held that "exhaustion clauses are void as against the policies of the no-fault act." *Id.* at 261.

Similarly, Malmin had the right to full control over his tort action. Indeed, it is unclear whether Minnesota Mutual would have had the right to intervene. *See Husfeldt v. Willmsen*, 434 N.W.2d 480, 482–83 (Minn.App.1989) (UIM carrier not entitled to intervene in action by insured against tortfeasor unless carrier shows existing parties will not adequately represent its interest in limiting its potential liability). In addition, requiring Malmin to relitigate his claims against the tortfeasor would substantially reduce his net recovery, delay his payment, and unnecessarily burden the court system. Thus, concerns similar to those expressed in *Schmidt* are applicable here.

More recently, in *Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855 (Minn.1993), the supreme court held that an insured must recover on a tort claim before bringing an arbitration claim for UIM benefits: "Until there has been a recovery from the tortfeasor's insurer, the claimant's [UIM] claim simply has not matured." *Id.* at 857 (footnote omitted). The supreme court further stated:

> One last comment is in order here. Claimant Nordstrom asserts that if a court trial results in a judgment in excess of liability policy limits, the amount of underinsured motorist benefits would still have to be arbitrated. She cites no authority for this proposition, and the proposition is incorrect. The typical · underinsurance contract provides, "We will pay damages which an insured is *legally entitled* to recover from the owner or operator of an [underinsured motor vehicle]." (Emphasis added.) *See also* Minn.Stat. § 65B.43,

subd. 19 (1992). The tort judgment establishes conclusively the damages to which the claimant is "legally entitled"; if such damages exceed the tort insurance limits, the excess is payable by the underinsurer to the extent of its coverage without the need for arbitration. The underinsurer pays, not because it is estopped by the judgment, but because it has contractually agreed to pay the judgment less the tort liability insurance recovery.

*Id.* at 858–59; *see also Richards v. Milwaukee Ins. Co.*, 518 N.W.2d 26, 28 (Minn.1994) (citing *Nordstrom* holding that tort judgment conclusively establishes entitlement to damages); *Reinhardt v. Milwaukee Mut. Ins. Co.*, 524 N.W.2d 531, 534–35 (Minn.App.1994) (under *Nordstrom*, UIM carrier with notice of tort action bound by judgment obtained in that action, and not entitled to retry issue of UIM liability), *review denied* (Minn. Feb. 14, 1995).

Similarly, Malmin's judgment against Olson established "conclusively" the damages to which he is "legally entitled" without the need for relitigation against Minnesota Mutual. Since those damages exceed Olson's liability limits, UIM benefits are payable not because Minnesota Mutual is estopped by the tort judgment, but because it has contractually agreed[3] and is statutorily required to pay those benefits.

Minnesota Mutual insists that our acceptance of Malmin's position will bind UIM carriers to any judgment obtained against tortfeasors, including judgments obtained against uninsured (UM) tortfeasors, default judgments, and consent judgments. While a consent to suit clause may serve some purpose in a UM case, the certified question and the facts here pertain only to UIM claims in which a jury verdict has been obtained on all issues. In this context, the dangers of a default judgment or collusive settlement are nonexistent: the tortfeasor has an interest in vigorously defending and minimizing liability and any collusive settlement problem is solved in the UIM context by the notice requirement of *Schmidt*, 338 N.W.2d at 263.

Indeed, Minnesota Mutual can show no prejudice and has failed to convince us that the consent to suit clause serves any purpose in this case. As already noted, even if Minnesota Mutual had been timely notified of Malmin's tort action, it is questionable whether it would have had the right to intervene or otherwise participate. Minnesota Mutual insists that the clause protects a UIM carrier from the unfair effects of a judgment to which it was neither a party nor in privity. As explained in *Nordstrom*, however, a UIM carrier pays UIM benefits not because it is estopped by the tort judgment but because it has contractually agreed and is statutorily required to pay. In addition, the consent to suit clause is not necessary to protect a UIM carrier's subrogation rights: the tort judgment itself protects those rights, and the tortfeasor is released only to the extent of its liability limits and remains liable for the remaining judgment. Finally, while Minnesota Mutual insists that the clause does not provide a UIM carrier with any additional remedies, the clause literally gives a UIM carrier unlimited power to withhold consent for any or no reason, a result which we cannot condone.

## DECISION

We conclude that the consent to suit clause in this case is void and unenforceable against Malmin, a UIM insured who has obtained a judgment based on a jury verdict against the tortfeasor on all liability and damage issues. Since the judgment exceeds the tortfeasor's liability limits, Malmin is entitled to UIM benefits without a full relitigation in a second action against Minnesota Mutual.

**We therefore answer the certified question in the affirmative.**

---

3. Like the UIM policy discussed in *Nordstrom*, 495 N.W.2d at 858, the policy issued by Minnesota Mutual provides: "We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an * * * "underinsured motor vehicle."