STATE of Minnesota, Respondent,

v.

Jeffrey Allen MARTIN, Appellant.

No. 46406.

Supreme Court of Minnesota.

June 24, 1977.

Thomson Wylde & Nordby and Jack S. Nordby, St. Paul, Joseph S. Friedberg, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., Edward M. Laine, Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

Heard before PETERSON, TODD and YETKA, JJ., and considered and decided by the court en banc.

PER CURIAM.

Jeffrey Allen Martin was jointly charged and tried for the crimes of escape from custody, Minn.St. 609.485, and aggravated assault with a dangerous weapon, Minn.St.

609.225, subd. 2. A jury found defendant guilty of both crimes, but prior to sentencing, the escape charge was dismissed by the trial court for lack of sufficient proof. On this appeal we reverse and remand defendant's conviction for the crime of aggravated assault with a dangerous weapon because of prosecutorial misconduct.

It is not necessary to detail the facts in this case since we conclude that a new trial is required. Although the record discloses evidence linking defendant to the sale of drugs, this evidence was related solely to the charge of escape, which was dismissed. A careful scrutiny of defendant's direct testimony further discloses that at no time did he place his character in issue, and that when questioned by his own attorney, he specifically denied using drugs. Nevertheless, on cross-examination, the following colloquy occurred:

"Q. [By the prosecutor]: * * * When you were in the service say at Okinawa or at Camp Pendleton were drugs being used by some of the others with you on these posts?

"[Defense counsel]: I object to that, immaterial.

"The Court: I think it's too remote. The objection is sustained."

■ By almost any evidentiary standard, this question was totally improper. The inquiry was first immaterial since defendant was not being prosecuted for a drug offense. Moreover, the question had little probative value because it was not only remote but presumably related to the conduct of defendant's associates rather than that of defendant himself. But we are most compelled to reverse because it appears to us that this line of questioning was a calculated attempt by the prosecution to impeach the character of the accused. In *State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973), we considered the use of character evidence for impeachment and stated:

"* * * It is well settled that the prosecution may not attempt to establish the bad character of the defendant until the defendant has put that character in issue by offering evidence of good character. *State v. McCorvey*, 262 Minn. 361, 114 N.W.2d 703 (1962); *State v. Gress*, 250 Minn. 337, 84 N.W.2d 616 (1957). By voluntarily testifying in his own behalf, the accused opens up only the issue of his credibility, not his general character. * * * A general denial by the defendant that he did a particular kind of act is insufficient to put his character into issue."

Accord, *State v. Turner*, Minn., 239 N.W.2d 468 (1976). These considerations lead to the inescapable conclusion that any prosecutorial attempt at impeachment through the introduction of character evidence was improper since defendant never raised the issue on direct examination. It is further evident that defendant's simple denial of using drugs was insufficient to place his character in issue.

■ We are finally persuaded that the prosecutor's line of questioning was so inherently prejudicial that mere disallowance of the answer was insufficient to remove the innuendoes caused by it in the minds of the jurors.[1] In the past, this court has condemned questioning calculated to arouse prejudice, *State v. Silvers*, 230 Minn. 12, 40 N.W.2d 630 (1950), and has denounced as unprofessional interrogatories that imply a factual predicate unsupported by the evidence. *State v. Hyleck*, 286 Minn. 126, 175 N.W.2d 163, certiorari denied, 399 U.S. 932, 90 S.Ct. 2267, 26 L.Ed.2d 803 (1970). We find little to indicate that the prosecutor had any factual base to inquire concerning the use of drugs by defendant or his associates; and although justice does not require

---

1. The state has argued on this appeal that the following precautionary instruction given by the trial judge at the conclusion of the trial attenuated any prejudicial effect: "And likewise, when I have sustained an objection so you don't get to hear the answer, you shouldn't speculate on what the answer might have

been." Such an instruction is too far removed from the evidentiary infraction to reduce effectively the prejudicial impact, and is to be distinguished from the situation where the trial judge immediately admonishes the jury to disregard the question. See, *State v. Swanson*, Minn., 240 N.W.2d 822 (1976).

an error-free trial, *State v. White*, 295 Minn. 217, 203 N.W.2d 852 (1973), we are convinced that this prosecutorial misconduct was prejudicial and constituted harmful error beyond a reasonable doubt.

Reversed and remanded for a new trial.[2]

---

2. We note that defendant was sentenced as a first offender to a minimum term of 3 years under Minn.St. 1974, § 609.11, and that he has already served 14 months of this sentence prior to release on bail pending appeal. Since defendant's conviction, the minimum sentence statute as to first offenders has been reduced to 1 year and 1 day by L.1975, c. 378, § 8.