**STATE of Minnesota, Respondent,**

v.

**George Richard Edward SALAZAR, Jr., a.k.a. Edward Charles Carreon, Appellant.**

**No. 49917.**

Supreme Court of Minnesota.

Feb. 22, 1980.

C. Paul Jones, Public Defender, and Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of assault with a dangerous weapon and was sentenced by the trial court to a maximum indeterminate term of 5 years in prison. On this appeal from judgment of conviction defendant contends that (1) the evidence of his guilt was legally insufficient, (2) that the trial court improperly permitted a witness to testify that when defendant stabbed the victim defendant was not defending himself against any attack, and (3) that he was denied a fair trial because of the state's failure to locate the victim and call the victim as a witness. We affirm.

The victim in this case left the state and returned to Alabama, where he was from, shortly after he was released from the hospital, and he could not be located for trial. However, two witnesses, who had never met either defendant or the victim before the day in question, both gave testimony which sufficiently supported the jury's finding that defendant stabbed the victim with a screwdriver and that the attack was not in self defense. The state did not introduce any hearsay statement of the victim nor was it responsible for the victim's being unavailable, and therefore no Sixth Amendment issue is raised. There is no reason to believe that the victim's testimony would have been favorable to defendant and defendant's contention that he was prejudiced by the victim's absence is not borne out by our examination of the record. In fact, defense counsel attempted to use the victim's absence to defendant's advan-

tage in closing argument. Defendant's contention that the trial court erred in permitting the prosecutor to ask one of the two key witnesses whether defendant was defending himself against an attack when he stabbed the victim has no merit, since the purpose of the prosecutor's question was not to elicit a legal opinion on the issue of self defense—which would not have been helpful to the jury—but simply to elicit testimony as to whether the witness saw the victim do anything which prompted defendant to stab him. *See* R. 701 and 704, R.Evid.

Affirmed.