STATE of Minnesota, Respondent,

v.

Henry Louis RIVET, Appellant.

and

Henry Louis RIVET, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. 48729, 50533.

Supreme Court of Minnesota.

April 11, 1980.

Henry L. Rivet, pro se.

David W. Nord, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of charges of aggravated assault involving intentional infliction of great bodily harm and assault with a dangerous weapon but was acquitted of a charge of attempted second-degree murder. The trial court sentenced defendant to a limited term of 1 year and 1 day to 5 years (instead of the permitted 10 years) for the assault involving infliction of great bodily harm. On this combined appeal from judgment of conviction and from the order of the district court denying his petition for postconviction relief, defendant raises a number of contentions, the main one being that the evidence was insufficient to sustain the verdict. We affirm.

The victim in this case, the husband of defendant's niece, could not be located and therefore was not called as a witness by either the state or the defense. *See State v. Salazar*, 289 N.W.2d 753 (Minn.1980).

However, the victim's wife (defendant's niece) testified that defendant came to their apartment and, expressing anger at the victim for spreading rumors about an alleged affair defendant was having with the estranged wife of a friend of defendant, began shooting a gun wildly at the victim and stating that he was going to kill him. This witness later was called as a witness for the defense and retracted part of her earlier testimony. Notwithstanding that, we hold that the jury was still free to give substantive effect to her earlier testimony. Further, even the revised version of her testimony was unfavorable to defendant in many respects and, when combined with the other evidence of guilt, was sufficient to support the verdict.

The other contentions raised by defendant do not merit discussion.

Affirmed.