**Ali MEHRALIAN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C1–83–1270.**

Court of Appeals of Minnesota.

April 4, 1984.

Carol Grant, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jim Tumulty, Hennepin County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant seeks reversal of the jury verdict for misdemeanor theft (Minn.Stat. Sec. 609.52) on the ground that he was denied his Sixth Amendment right to call witnesses in his defense and that the state was guilty of prosecutorial misconduct. We affirm.

## FACTS

Appellant-defendant was convicted of misdemeanor theft, a violation of Minn. Stat. Sec. 609.52. On January 24, 1983 the appellant was apprehended by a store security officer, James Matters, outside the Sears, Roebuck Company in Minneapolis, Minnesota. The appellant was arrested after Matters saw him shoplift a wrench.

Matters, the security guard, first observed appellant walking from aisle to aisle and looking around nervously. Matters watched from a hiding spot about 20 feet from the appellant. Several large boxes prevented the appellant from seeing the security officer.

Matters observed the appellant pick up a crescent wrench from a store rack and put it inside his jacket. The wrench's retail price was $33.99. Appellant then approached the cashier area and talked to a store clerk for approximately five minutes. Matters did not hear what was said.

Immediately after the conversation with the clerk, appellant left the store and was stopped by Matters. Together they returned to the store, where defendant was searched and the wrench was taken from appellant's jacket.

Appellant testified that he put the wrench under his coat after paying for it with a personal check. Matters testified that it was not unusual for a person who has been arrested to return to the store and purchase an item similar to the one stolen.

On January 24, 1983 the appellant was arraigned on the theft charge. The trial was scheduled for July 9, 1983. On that date the appellant requested and was granted a postponement to August 9, 1983. He was not represented by counsel. The appellant did not retain counsel until he appealed the trial court's decision. The appellant had applied for a public defender but was found ineligible.

On August 9, the case was assigned to Judge Thomas Bergin for trial. Judge Bergin denied the appellant's request for another continuance and the appellant then filed an affidavit of removal. The case was then reassigned to Judge Cheryl Ramstad Hvass.

Appellant again requested a continuance in order to obtain a witness. Although appellant did not know the name of the witness, could not describe him and could not state a reason for needing his testimony, the court instructed the prosecution to assist in finding the witness and granted a 15-minute recess.

No witness was found and the court proceeded with trial, noting that appellant had had seven months to prepare his case. After the recess, the court determined that the trial should begin.

The jury found the appellant guilty of theft in violation of Minn.Stat. Sec. 609.52. It is from this conviction that the appellant appeals.

## ISSUES

1. Whether the appellant's Sixth Amendment right to obtain a witness was violated when the court refused to grant another continuance.

2. Whether the state was guilty of prosecutorial misconduct by asking prejudicial and misleading questions.

3. Whether the state shifted the burden of proof to the appellant.

## ANALYSIS

■ It is a basic rule of appellate practice that the decisions of a trial court on matters in its discretion will not be reversed on appeal except for a clear abuse of discretion. *Lamberton v. Lamberton,* 229 Minn. 29, 38 N.W.2d 72 (1949); *Lincoln National Life Ins. Co. v. Brack,* 196 Minn. 433, 265 N.W. 290 (1936).

This discretionary power of the trial court must be exercised judicially, with close regard to all the facts of the case and in furtherance of justice. * * * In determining whether abuse of discretion is shown the Supreme Court construes the findings of the trial court in light of the record.

1 *Dunnell, Dig.* Sec. 399, cited with approval in *Lamberton v. Lamberton,* 229 Minn. at 32, 38 N.W. 72 (1949).

1. The appellant claims that denial of a second continuance abridged his Sixth Amendment right to obtain a favorable witness. In order to reverse the trial court and grant a new trial, we would have to find that the trial court did not act judiciously with regard to all the facts of the case. We decline to do so.

The Minnesota Constitution grants appellant the right to have compulsory process for obtaining witnesses in his favor. Minn. Const. art. I, sec. 6. At appellant's request, the trial court did continue the trial from July 19, 1983 until August 9, 1983. On August 9, 1983 the court denied appellant's request for another continuance.

The trial court attempted to ascertain what witness the appellant wanted to call. The judge granted a recess and instructed the prosecutor to assist the appellant in securing witnesses in his favor. Appellant had no specific information to offer as to what witness he wanted to call, or to what the witness would or could testify. After the recess the trial continued. Appellant claims that this action violated his Sixth Amendment right to secure a witness.

In *State v. Salazar,* 289 N.W.2d 753 (Minn.1980), the defendant claimed that he was denied a fair trial because of the state's failure to locate the victim and call the victim as a witness. The Supreme Court rejected the defendant's claim and said:

There is no reason to believe that the victim's testimony would have been favorable to defendant and defendant's contention that he was prejudiced by the victim's absence is not borne out by our examination of the record.

*Id.* at 754.

In this matter, the record does not support the appellant's contention of prejudice by the denial of a second continuance. Not only was the appellant unsure of the value of the unknown witness's testimony, he had seven months for preparation.

In view of the relatively high turnover of department store personnel and inability of cashiers to remember individual purchases, the appellant should have attempted to discover his witness at an earlier date. Poor preparation coupled with the appellant's requests for continuances makes this appeal vexatious and lacking in merit. The trial court's denial of a continuance was within the court's discretionary powers.

2. *Prosecutorial Misconduct.*

The Minnesota Supreme Court has said:

An accused, whether guilty or innocent, is entitled to a fair trial, and it is the duty of the court, and of prosecuting counsel as well, to see that he gets one. There must be no conduct, either by argument or by the asking of irrelevant questions, the effect of which is to inflame the prejudices or excite the passions of the jury against the accused.

*State v. Haney,* 222 Minn. 124, 125, 23 N.W.2d 369, 370 (1946).

Appellant claims prejudice from the prosecutor's question, "[w]hat caused you to notice [the appellant]?" He objects to Matter's response as conclusory. The security guard answered:

He was in our Hardware Department and he was kind of going from one aisle to the next aisle and looking around very nervously. He came and stopped and took a piece of merchandise in which is evidence—stopped and looked at a piece of merchandise and nervously looked to his left and to his right and behind him to see if anyone was looking at him.

The only phrase in the answer which was purely conclusory is " * * * to see if anyone was looking at him." The remainder of the answer was blended fact observation and conclusion, and the record fails to show that appellant was prejudiced by the questions and answers of the state's witness.

3. It is a fundamental principle in criminal trials that the state has the burden of proving guilt beyond a reasonable doubt. *State v. Swain,* 269 N.W.2d 707 (Minn. 1978). Appellant claims that this burden

was shifted to the appellant as a result of one question, therefore necessitating a reversal of the trial court's conviction.

 The prosecutor asked the appellant whether he had contacted Sears to see if it had a record of the appellant's alleged wrench purchase. This question followed the appellant's statement that he had paid for the wrench before leaving the store and that Sears should keep a record of receipts.

Appellant cites *State v. Martin*, 256 N.W.2d 85 (Minn.1977), as support for the proposition that the shifting of the burden of proof denies a defendant a fair trial. In *Martin*, the defendant was found guilty of aggravated assault with a dangerous weapon. At the trial, the prosecutor had asked the defendant, "When you were in the service say at Okinawa or at Camp Pendleton were drugs being used by some of the others with you on these posts?" The court held that the question was totally improper.

> The inquiry was first immaterial since defendant was not being prosecuted for a drug offense. Moreover, the question had little probative value because it was not only remote but presumably related to the conduct of defendant's associates rather than that of defendant himself. But we are most compelled to reverse because it appears to us that this line of questioning was a calculated attempt by the prosecution to impeach the character of the accused.

*Id.* at 86.

Unlike *Martin*, the prosecutor's question in this matter was proper. The question related to the shoplifting charge was directed to the appellant. It was not a "calculated attempt" to impeach the character of the accused. The burden of proof did not shift as a result of this question.

## DECISION

 The record is replete with evidence that supports the jury's conclusion that the appellant was guilty beyond a reasonable doubt of violating Minn.Stat. Sec. 609.52. The appellant's Sixth Amendment rights

were not violated by the court's refusal to grant a second continuance, nor was there any prosecutorial misconduct that could have prejudiced the appellant.

Affirmed.