Harry S. NORMAN, et al., Respondents,

v.

Greg Allen REFSLAND, etc., et al., Defendants,

Carver County, applicant in intervention, Appellant.

No. C6–85–233.

Court of Appeals of Minnesota.

July 9, 1985.

Review Granted Sept. 19, 1985.

James D. DiLorenzo, St. Paul, Lee Ildstad, Edina, for respondents.

Larry J. Peterson, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Harry Norman was employed as a deputy sheriff for Carver County. On February 5, 1984, he was injured while acting within the scope of his employment. He and his wife subsequently brought suit against alleged third party tortfeasors. Appellant Carver County, Norman's self-insured employer, has paid worker's compensation in an amount more than $30,000, for claims related to Norman's injury. Carver County sought to intervene in the action. The trial court refused intervention, but ordered that the county be included in settlement discussions and notified of court proceedings. Carver County appealed.

## ISSUES

1. Is an order denying a motion to intervene appealable?

2. Did the trial court err in denying Carver County's motion to intervene?

## ANALYSIS

1. An order denying intervention of right, the subject of Minnesota Rules of Civil Procedure 24.01, is appealable. Minn. R.Civ.App.P. 103.03(e). *See Engelrup v. Potter,* 302 Minn. 157, 159, 224 N.W.2d 484, 486 (1974).

2. The major issue here is whether the trial court abused its discretion in refusing to allow appellant to intervene. Rule 24.01 provides:

Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Minn.R.Civ.P. 24.01.

Rule 24.01 contains a two part test: first, whether the applicant claims an interest in the subject matter of the action; and second, whether the applicant's ability to protect its interest will be impaired if it is not made a party.

Carver County has an interest in the subject matter of the action because of its subrogation claim for worker's compensation payments. *Miller v. Astleford Equipment Co., Inc.*, 332 N.W.2d 653, 654 (Minn. 1983). The critical issue in the case concerns the second factor: whether Carver County's ability to protect its subrogation interest will be impaired if it is not allowed to intervene.

The trial court found intervention was unnecessary, that Carver County's interests were adequately protected by provisions of the worker's compensation statute, Minn.Stat. § 176.061, subd. 5(a) and 8a (1984). The statutes declare the right of subrogation, create indemnity claims, lien claims and set-off rights, and provide for notice about suits, trials and settlement plans. On the subject of intervention, the statute says:

If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer * * *, upon application the court may grant the employer * * * the right to intervene in the action for the prosecution of the action.

Minn.Stat. § 176.061, subd. 5(a) (1984).

While the statute specifically envisions the possibility of intervention, a decision about intervention is left to the discretion of the trial court. Discretionary decisions on matters of procedure will be reversed only where there has been a clear abuse of the trial court's discretion. *Mehralian v. State*, 346 N.W.2d 363, 365 (Minn. Ct.App.1984), *pet. for rev. denied*, (Minn. July 26, 1984).

A settlement may be structured so that an employee recovers only for those claims which are not subject to subrogation by the employer. *Naig v. Bloomington Sanitation*, 258 N.W.2d 891, 894 (Minn.1977). In those cases, the employer retains its subrogation rights and is not prejudiced by the settlement. *See Easterlin v. State*, 330 N.W.2d 704, 707 (Minn.1983).

On the other hand, without intervention an employer may have problems presenting its subrogation suit against a tortfeasor. The employer will require the assistance of the employee, and will have to prove the liability of the tortfeasor and the nature and extent of the employee's disability.

Thus it is important for the employer, if the employee has already commenced suit, to be able to appear therein or to exercise its statutory right to intervene. Furthermore, the employer should not be denied whatever tactical advantage there might be in attempting to settle its subrogation claim at the same time the employee is settling his claim for non-workers' compensation damages. It may be that the employer will not be able to settle its claim, but it should not be deprived of the opportune time to try. What is important, too, from the standpoint of the administration of justice, is that every reasonable effort be made to avoid a multiplicity of lawsuits.

*Easterlin*, 330 N.W.2d at 708.

In this case, the trial court, while not allowing intervention, ordered that appellant be included in all settlement discussions, and that appellant be notified of any dispositive motions, pre-trial conferences or judgments. This responds to the concerns discussed in *Easterlin*. Given this order,

together with the procedural protections created by statute, and having in mind the breadth of the trial court's discretion, we conclude there was no reversible error.

### DECISION

The trial court did not clearly abuse its discretion in declining to allow intervention.

Affirmed.