**STATE of Minnesota, Respondent,**

v.

**Paul Arthur SOBOCINSKI, Appellant.**

**No. CX–85–2311.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael L. Kirk, Otter Tail Co. Atty., Fergus Falls, for respondent.

Kenneth E. Tilsen, Ron Rosenbaum, Tilton & Rosenbaum, St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions whether rebuttal testimony on the character of the accused constituted reversible error. We reverse and remand for a new trial.

## FACTS

Appellant Paul Sobocinski was convicted of misdemeanor obstruction of legal process, Minn.Stat. § 609.50(2) (1984), for conduct during a 1985 farm foreclosure sale at the Otter Tail county courthouse in Fergus Falls. Appellant was one of the leaders of "Groundswell," a group advocating relief for distressed farmers. He and others entered the courthouse at the time scheduled for the sale, and the group met the county sheriff and a number of deputies.

Prosecution witnesses testified that appellant and others pushed the officers and attempted to obstruct their passage through a doorway to another part of the building. Witnesses said that appellant attempted to take the sale papers and a megaphone from the sheriff's hands. The defendant denied pushing or trying to take anything from the sheriff. He said he conducted himself peacefully and that officers pushed and pulled him in opposite directions and tore a watch off his wrist. Defense witnesses testified that the sheriff and the deputies pushed and shoved people with excessive force.

The sheriff finally conducted the sale from a balcony of the courthouse. Appellant was arrested at the scene and charged later with obstructing legal process.

When questioned by his attorney at trial, appellant acknowledged that he had attempted peaceful practices and urged others to be peaceful when provoked. He added that "our instructions have always been clear at all sales," and "we have always acted that way."

Appellant was asked on cross-examination whether he claimed he had always been peaceful at sales. He responded by describing what he had done to urge protesters to stand together in a peaceful and nonviolent way. Upon further cross-examination, appellant denied ever physically grabbing or striking a sheriff, and he denied grabbing Lac Qui Parle county sheriff Graylan Carlson at a sale earlier in 1985.

The prosecution called the Lac Qui Parle sheriff as a rebuttal witness. Following objections and extensive discussion outside the presence of the jury, the trial court ruled that the witness would be permitted to testify on his opinions about appellant's character for peacefulness and for honesty. The court said the witness could not testify about specific acts to rebut "character evidence," and that only a "limited" foundation for the sheriff's opinions was permissible.

Sheriff Carlson testified that he had become acquainted with appellant and observed appellant at farm sale protests in Lac Qui Parle county. Based on this foundation, the witness stated his opinion that appellant "is not a peaceful person," and then that appellant "is not a truthful person."

Appellant was acquitted of gross misdemeanor obstructing legal process (use of force or violence) and convicted of the misdemeanor, either obstructing lawful execution of legal process or interfering with an officer engaged in performance of his official duties. Post-trial motions were denied.

## ISSUE

Was appellant denied a fair trial by admission of opinion evidence on his character?

## ANALYSIS

1.

The prosecution may introduce character evidence only to rebut the defendant's proof of a character trait. Minn.R.Evid. 404(a)(1). "By voluntarily testifying in his own behalf, the accused opens up only the issue of his credibility, not his general character." Moreover, "[a] general denial by the defendant that he did a particular kind of act is insufficient to put his character

into issue." *State v. Martin*, 256 N.W.2d 85, 86 (Minn.1977) (quoting *State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973)).

■ Here appellant did not place in issue his character for peacefulness. In fact, his direct testimony only spoke of group practices.[1] Moreover, his testimony was singularly on the topic of prior farm sale conduct. It was not testimony of his disposition or a "trait of his character." *See* Minn.R.Evid. 404(a)(1). He offered no opinions about his character and he did not speak of his reputation. *See* Minn.R.Evid. 405(a).

### 2.

Evidence on a witness's character for truthfulness is admissible under Minn.R. Evid. 608(a). However, a witness may never testify to a matter "unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." Minn.R.Evid. 602. Any opinion testimony must be "rationally based on the perception of the witness." Minn.R.Evid. 701.

■ Here there was no foundation for testimony of the Lac Qui Parle sheriff that appellant was not a truthful person. The record shows nothing to indicate an opportunity of this witness to observe appellant's truthfulness. It is not evident that the sheriff witnessed the testimony of appellant in this trial, and that single event by itself would in any event be inadequate as foundation for an opinion on character. *See State v. Irby*, 368 N.W.2d 19 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. July 11, 1985) (court determined foundation was insufficient where witness offered to testify as to victim's character based on one and one-half hour incident with victim).

Because foundation was so apparently lacking for the opinion expressed, we find it unnecessary here to decide whether Rule 608 enlarges the forms of admissible opinion evidence. *See Simon v. Carroll*, 241 Minn. 211, 220–21, 62 N.W.2d 822, 828–29 (1954) (opinion evidence permitted as part of testimony on community reputation for truthfulness).

Respondent contends that the absence of foundation for character opinions should be overlooked because this evidence may have been less prejudicial than evidence establishing foundation. We do not have before us a record of other evidence or issues as to its admissibility. Conclusions on the record here cannot be shaped by hypothetical consideration of what the record might have shown.

### 3.

■ In sum, the rebuttal testimony of a neighboring sheriff was wholly improper. We find no basis for overlooking the error. The prosecution's closing presentation of evidence consisted of improper testimony that appellant was not a peaceful person and was not a truthful person. The improper evidence was prejudicial and constituted harmful error as a matter of law. *See Martin*, 256 N.W.2d at 86–87.

### 4.

Appellant also contends that the trial court erred in refusing to instruct the jury that appellant should be acquitted if it had reasonable doubt whether the Otter Tail county sheriff used excessive force in his efforts to conduct the sale. We disagree.

In *State v. Carlson*, 268 N.W.2d 553 (Minn.1978), the supreme court required an instruction on defendant's theory that he did not intentionally obstruct an arrest because of his failure to know that those who took custody of his friend were police officers. The court concluded that it was not

---

**1.** The trial court decision on character evidence was based on appellant's direct testimony. The court stated that appellant had testified "he acted peacefully at all other sales." The record shows repeated claims of appellant that he acted peacefully on the day of his arrest at Fergus Falls, but his comment on prior sale protests was singularly in terms of the instruction and action of the group. Responding to repeated cross-examination, appellant himself said he had testified about his own earlier peaceful conduct, but the record does not bear out that concession.

enough to instruct on the need for proof of elements of the offense without telling the jury it must acquit if the defendant in fact acted on a mistake. *Id.* at 561.

 Here the defendant merely disputes the proof of an element of the offense, the allegation that officials proceeded lawfully or performed official duties. The court instructed the jury on the elements of the offense and told jurors that appellant was not guilty if any of those elements was not proven beyond a reasonable doubt. The instructions were adequate.

We agree that the jury instructions had confusing characteristics. Elements of the offense were described before any indication was given that each element had to be proven. Each element was described positively as a statement of fact, without suggestion that it must be proved. An earlier comment on the state's burden was stated in terms of all allegations contained in the complaint, not all elements of the statutory offense. Nevertheless, the instructions were complete and as a whole they were sufficient to fairly describe the law of the case.

### DECISION

Appellant was denied a fair trial by the improper and prejudicial testimony of a rebuttal witness.

Reversed and remanded for a new trial.