[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS K. KAHN
CLERK

No. 05-10525
Non-Argument Calendar

_____

D.C. Docket No. 92-01025-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TURNER BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(July 11, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Turner Baker, who was convicted of armed bank robbery in 1993

and sentenced to 254 months imprisonment, appeals the district court's denial of

his motion for a new commitment order to reflect his legal name change. On appeal, Baker argues that "a prisoner has a first amendment int[e]rest in using his religious name, at least in conjunction with his committed name," and courts have approved the addition of a prisoner's new name. According to Baker, the district court erred by denying his motion to have his new name added to his commitment order. Baker further argues that Federal Bureau of Prison ("BOP") policy does not prohibit the addition of a second name to a prison record.

We review the district court's decision for an abuse of discretion. *See High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). We have held that prisoners retain the right to the free exercise of religion. *See Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000). A "dual-name policy," whereby an inmate is permitted to use a religious name in conjunction with his commitment name, "always is sufficient to satisfy an inmate's free exercise claim involving use of a religious name." *Id.* at 1248. The Fourth and Sixth Circuits have held, however, that an inmate who legally changes his name does not have a constitutional right to have his pre-existing prison records altered to reflect his newly adopted name. *See Barrett v. Va.*, 689 F.2d 498, 503 (4th Cir. 1982); *Imam Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980). We agree with the reasoning of our sister circuits and hold that although an inmate is entitled to prospective recognition of a legal

2

name change, by means of a "dual-name policy," an inmate is not entitled to have documents that pre-dated his legal name change altered. Accordingly, the district court did not abuse its discretion by denying Baker's motion for a new commitment order.

**AFFIRMED.**