[No. F049847. Fifth Dist. Feb. 13, 2007.]

In re TIMOTHY WAYNE ARNETT, for Change of Name.

COUNSEL

Timothy Wayne Arnett, in pro. per., for Petitioner and Appellant.

No appearance for Objector and Respondent.

OPINION

**THE COURT.**[*]—This is an appeal from the denial of a petition filed by a federal inmate seeking to change his name from Timothy Wayne Arnett to August Damian Kokopelli. "One's name is a signboard to the world. It is one of the most permanent of possessions; it remains when everything else is lost; it is owned by those who possess nothing else. A name is the only efficient means to describe someone to contemporaries and to posterity. When one dies it is the only part that lives on in the world. [Citation.]" (*In re Marriage of Gulsvig* (Iowa 1993) 498 N.W.2d 725, 730 (dis. opn. of Snell, J.).)

## *PROCEDURAL AND FACTUAL HISTORIES*

In 2005, petitioner Timothy Wayne Arnett, a federal inmate, was incarcerated in Fresno County Jail while waiting to be resentenced in federal court on a number of federal convictions.[1] Arnett filed a petition in Fresno County Superior Court to change his name formally because he does not like the name his parents have given him. Arnett alleged that he wants to use the name August Damian Kokopelli for all prospective legal purposes. In filing his petition, Arnett has followed the procedures set forth under California law for a legal name change. (Code Civ. Proc.,[2] § 1276 et seq.) The superior court issued the order to show cause on July 25, 2005, setting the date for hearing on the petition for October 6, 2005. General publication occurred as required under California law.

When the matter came for hearing, the superior court ordered that the U.S. Attorney be provided with a copy of the petition and be given an opportunity to submit any objections to the name change, presumably on behalf of the

---

[*]Vartabedian, Acting P. J., Wiseman, J., and Gomes, J.

[1] According to the letter from the United States Attorney's (U.S. Attorney) office, Arnett was awaiting resentencing on seven armed bank robberies and was expected to receive a sentence in excess of 140 years. The sentence would be served consecutively to a 10-year sentence that Arnett was currently serving for an armed bank robbery in Oregon.

[2] All further references are to the Code of Civil Procedure.

federal Bureau of Prisons. The U.S. Attorney submitted its reply on December 5, 2005, recommending that the petition be denied. The U.S. Attorney's letter stated several reasons for its recommendation: (1) because the name change is for nonreligious reasons, there are no constitutionally significant issues present; (2) because the name entered on the judgment and commitment order is the name used by the Bureau of Prisons and, because Arnett already has a committed name of "Timothy Wayne Arnett" in the Bureau of Prisons records, any change of name "will cause confusion in federal records"; and (3) because "California state law expressly precludes a state prison inmate from changing his name while incarcerated," and the same public policy should apply to a federal prison inmate.

The superior court denied the petition on December 8 on the grounds that the name change would be illegal. On December 22, 2005, Arnett sought reconsideration of the court's order on procedural grounds and argued that it was not illegal for him to change his name. The court denied the request for reconsideration.

Arnett appeals, arguing that it was error to allow the U.S. Attorney to file a late objection to the petition, that it is not illegal for federal prisoners to seek a legal name change, and that it is a violation of the First Amendment's establishment clause to deny his petition because it was not based on religious grounds. We agree that it is not illegal for a federal inmate to change his name and will remand for the superior court to exercise its discretion using the proper legal standards.

## DISCUSSION

■ Section 1276 et seq. governs the process by which an individual can obtain a formal legal name change in California.[3] The statute provides that, once a petition seeking a name change is filed, the superior court shall make an order setting forth the details of the petition and direct all persons interested in the matter "to appear before the court at a time and place specified . . . ." (§ 1277, subd. (a).) The order directs that notice of the hearing and pending petition be published in a newspaper of general circulation. Section 1278 provides that if an objection is filed by any person, the

---

[3] Individuals in California retain a common law right to change their names, in addition to the statutory right, by simply adopting another name and using it as their own. The statutory right provides a public record of the change, but such a record is not required to effectuate the change. (83 Ops.Cal.Atty.Gen. 136 (2000).)

court may examine "on oath" any persons "touching the petition or application" and "may" order the name change or dismiss the petition "as to the court may seem right and proper." (§ 1278, subd. (a).) If no objection is filed with the court, the court "may, without hearing, enter the order that the change of name is granted." (§ 1278, subd. (a).) The word "may" is construed as granting the superior court discretion in deciding whether to grant the petition. (*Lee v. Superior Court* (1992) 9 Cal.App.4th 510, 514 [11 Cal.Rptr.2d 763] [superior court is vested with discretionary power to grant or deny request for name change].)

We have no quarrel with the superior court's desire for input from the U.S. Attorney before considering the petition. There is no requirement in section 1277 that Arnett give specific notice to the federal Bureau of Prisons or the federal government generally that he is seeking a name change.[4] This does not preclude, however, the superior court from requiring that notice be given to other persons or entities where it deems it proper. Whether to grant the petition for a name change is a discretionary call. (*Lee v. Superior Court,* *supra,* 9 Cal.App.4th at p. 514.) The superior court in the exercise of its discretion was free to recognize the interests of the federal Bureau of Prisons likely to be affected when an inmate changes his or her name. There are legitimate institutional and penological interests to be safeguarded. (See *Barrett v. Virginia* (4th Cir. 1982) 689 F.2d 498, 501.) To put it another way, it would not be an abuse of discretion for the superior court to deny a petition filed by a federal inmate on the grounds that notice had not been given to the federal Bureau of Prisons that a name change was being sought.

California law recognizes the concerns arising when a person in the custody of the criminal justice system seeks a name change. Section 1279.5 states that "no person imprisoned in the state prison and under the jurisdiction of the Director of Corrections shall be allowed to file a petition for change of name pursuant to Section 1276, except as permitted at the discretion of the Director of Corrections." (§ 1279.5, subd. (b).) The statute also provides that the superior court "shall deny a petition for a name change pursuant to Section 1276 made by a person who is under the jurisdiction of the Department of Corrections, unless that person's parole agent or probation officer grants prior written approval." (§ 1279.5, subd. (c).) The parole agent or probation officer is charged with determining whether the name change will pose a security risk to the community before approval can be given. (*Ibid.*) Finally, the

---

[4] There are specific notice requirements found in section 1277, other than publication in a newspaper with general circulation, but these provisions apply to matters unrelated to this case.

statute also requires that the court deny an application for a name change made by a person who is required to register as a sex offender, unless the court determines that it is in the best interests of justice to grant the application and that doing so will not adversely affect public safety. (§ 1279.5, subd. (d).) The provisions of section 1279.5 codify legitimate public safety concerns. These same concerns make it reasonable for the superior court to seek input from the federal Bureau of Prisons before deciding whether to grant or deny Arnett's petition.

■   We do, however, find problematic the conclusion that, because Arnett was a federal prisoner the name change "would be illegal." We have found no law that prohibits an inmate from changing his or her name by invoking the legal process. An incarcerated individual retains rights not inconsistent with the legitimate penological objectives of the corrections system. (See *Pell v. Procunier* (1974) 417 U.S. 817, 822 [41 L.Ed.2d 495, 94 S.Ct. 2800].) The U.S. Attorney did not take the position that it was illegal for a federal inmate to change his name, but instead asserted, incorrectly, that it is illegal for a state inmate to change his name. There are restrictions on the right of a state inmate to change his name, but it is not prohibited. (§ 1279.5.) No federal authority has been cited making a name change of a federal inmate illegal. To the contrary, Arnett has cited ample authority establishing that such a change is not only legal, but provided for within the federal prison system. (*Barrett v. Virginia, supra,* 689 F.2d at p. 501; *Imam Ali Abdullah Akbar v. Canney* (6th Cir. 1980) 634 F.2d 339, 340.) There are limits restricting the right of an inmate to force prison officials to change their records to reflect the newly adopted name of a prisoner who has changed his name. These are recognized by federal courts. (See *Barrett v. Virginia, supra,* 689 F.2d at p. 503 [inmate who legally changes his name does not have constitutional right to have his preexisting prison records altered]; accord, *Imam Ali Abdullah Akbar v. Canney, supra,* 634 F.2d at p. 340; *United States v. Baker* (11th Cir. 2005) 415 F.3d 1273, 1274 [inmate not entitled to have documents, including commitment order, that predated his legal name change altered].)

■   Excerpts from the federal Bureau of Prisons Inmate Systems Management Manual submitted in support of the petition (the validity of which has not been challenged by the U.S. Attorney) provides that the name entered on a prisoner's commitment order is the "committed name" by which the federal prison system will identify an inmate. To change the name on the commitment order a prisoner must petition the federal court. (U.S. Bur. of Prisons Policy Stmt. No. 5800.13, Inmate Systems Management Manual (June 28,

2002), ch. 6, § 601, p. 7; <http://www.bop.gov> [as of Feb. 13, 2007].) State law does not have the power to change the commitment order or the committed name of a prisoner. This is no reason to deny a state court petition for a legal name change of a federal prisoner, however. The record-keeping system used by the prison system provides for the entry of a legal name that is different from the committed name. The manual provides that "[a] SEN-TRY code for 'legal' name has been established for this purpose [when a Judgment/Commitment order indicates a 'legal' or 'true' name in addition to the committed name used in the criminal case]." (*Ibid.*) The manual also specifically states that "inmates may adopt name changes in accordance with religious affiliations or other lawful means." And, it provides that "[w]hen an inmate's name change is other than by federal court order, the [w]arden has final discretion whether to give it effect through Bureau records." (*Ibid.*) Administrative review is available if the inmate is dissatisfied with the warden's final decision. (*Ibid.*) The policy warns that "[n]ames that are inflammatory, and contrary to the institution's security or orderly operation are not acceptable." (*Ibid.*) It is thus not illegal for a federal prison inmate to seek a legal name change while incarcerated. The federal prison policy clearly anticipates and provides for a federal prison inmate's legal name change.

■ " ' "To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision." [Fn. omitted.]' [Citation.]" (*In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1200 [280 Cal.Rptr. 565].) Discretionary error is established when the superior court applies the wrong legal standard. (*Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.* (1995) 36 Cal.App.4th 1832, 1838 [43 Cal.Rptr.2d 327].) The superior court here erroneously concluded it was illegal for Arnett to change his name. Its erroneous conclusion precluded its exercise of discretion and for this reason the order denying the petition must be reversed.

We need not and do not decide whether a legal name change in California requires the federal Bureau of Prisons to enter a new legal name into the federal prison record-keeping system. (See discussion in *Malik v. Brown* (9th Cir. 1995) 71 F.3d 724, 727–730 [inmate cannot compel prison to reorganize its filing system to reflect new name and other issues concerning use of legal name versus committed name].) Nor can we anticipate whether a federal judge will order a change of Arnett's commitment order if Arnett is successful on remand and later seeks such an order.[5] These are not questions for the

---

[5] The 1999 version of the Bureau of Prisons Program Statement No. 5800.07, Inmate Systems Management Manual, instructed an inmate that "You must process a legal name change through the state superior court. Once this is accomplished, you may petition the U.S. District Court in which you were sentenced to modify your judgment and commitment order to reflect

state court. In *Imam Ali Abdullah Akbar v. Canney, supra,* 634 F.2d at page 340, the court stated, "As we see this issue, the present question of name change usage relates to prison administration. Absent unusual allegations such matters are for state prison officials to resolve." The opposite is true here. Whether Arnett's name change will be recognized by the federal prison record-keeping system is a matter of federal prison administration officials to resolve. In other words, even if the petition is granted, Arnett's victory may be a hollow one. If he truly has been sentenced to a 140-year sentence, he may leave this world in the custody of the federal prison system, which may mean that he will leave this world as inmate Timothy Wayne Arnett, without any recognition of a legal name change other than to have an order of a California superior court saying that he has done so. These are issues left for a different time and a different forum.

On remand, the court must exercise its discretion under the correct legal standard, which is to determine whether there are substantial and principled reasons for denying the petition. If not, the petition should be granted. (*In re Ross* (1937) 8 Cal.2d 608, 610 [67 P.2d 94] [need some substantial reason for denial]; *Lee v. Superior Court, supra,* 9 Cal.App.4th at p. 515 [court may properly deny petition if name adopted to defraud, intentionally confuse, or intrude into someone's privacy or violate recognized public policy; upheld denial when proposed name is racial epithet]; *In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072 [206 Cal.Rptr. 239] [denial proper where proposed surname (III) was confusing and not a legitimate name]; *In re Ravitch* (2000) 2000 PASuper. 179 [754 A.2d 1287, 1288–1289] [petition properly denied where name requested (initial R.) was bizarre and would result in suspicion and distrust in business and social settings]; *In re Bacharach* (2001) 344 N.J. Super. 126 [780 A.2d 579, 583–585] [no substantial reason to deny request to change name to last name of same-sex cohabitants]; *Azeez v. Fairman* (7th Cir. 1986) 795 F.2d 1296, 1299 [prison authorities may prevent capricious, incessant, casual, sudden, harassing, on-the-spot name changes by requiring that prisoners use formal state procedures for legal name change].)

---

your legal name change. This action would enable Bureau of Prisons records to reflect the name change." (*In re Name Change of Simpkins* (Minn.Ct.App. 1999) 599 N.W.2d 170, 171.) This language is no longer in the manual, but the new version's treatment of the topic does not suggest that the federal prison system has moved from instructing prisoners to obtain a legal name change through state courts to prohibiting prisoners from seeking name changes in state courts.

## *DISPOSITION*

The order of the superior court denying Arnett's petition for a legal name change is reversed and remanded for further consideration applying the correct legal standards.