Filed 12/30/20  In re Dunn CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ERIC CHRISTOPHER DUNN, for Change of Name. | |
| ERIC CHRISTOPHER DUNN, Plaintiff and Appellant, v. THE SUPERIOR COURT OF DEL NORTE COUNTY, Defendant and Respondent. | A158452 (Del Norte County Super. Ct. No. CVPT191103) |

Eric Christopher Dunn appeals from an order dismissing his petition for change of name.  We find that Dunn did not comply with the statutory procedures governing name change petitions, and we affirm.

**BACKGROUND**

Dunn filed a petition seeking to change his name to Abdul-Hakeem Muhammad, using Judicial Council Forms, forms NC-100 and NC-110.  At item 7(f) of the NC-110 form, Dunn declared he was "under the jurisdiction of the California Department of Corrections and Rehabilitation (in state prison or on parole) or in county jail" and that he was not required to register as a sex offender under Penal Code section 290.  Dunn also filed Department of

1

Corrections and Rehabilitation Forms, form 2010, titled "Notice of Legal Name Change Petition," which was signed by the Pelican Bay State Prison warden, indicating the warden's concurrence with Dunn's name change petition. (All caps omitted.)

On April 16, 2019, the superior court issued an order to show cause (OSC) for change of name, setting a hearing for June 7, 2019. The OSC ordered "that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted" and required that written objections be filed at least two court days before the hearing. The OSC also required that a copy of the OSC "be published at least once each week for four successive weeks prior to the [hearing date] in the . . . Del Norte Triplicate" and that the petition be served upon the warden of Pelican Bay State Prison.

On June 7, 2019, the superior court issued an order dismissing the petition and stating that Dunn did not appear at the hearing.

### DISCUSSION

We review the trial court's order for an abuse of discretion. (*Lee v. Superior Court* (1992) 9 Cal.App.4th 510, 514.) " '[T]he exercise of the trial court's discretion will be disturbed only for a clear abuse [citation], and . . . if there is any basis upon which the action can be sustained, the ruling of the trial court must be upheld on appeal.' " (*Ibid.*)

Dunn argues his petition was erroneously dismissed based upon his failure to appear at the hearing. He contends he was precluded from attending the hearing due to his incarceration, and he speculates that the superior court judge was unaware of Dunn's incarceration due to the superior court clerk's inadvertence in omitting form NC-110. Both form NC-110 and form NC-100 are included in the record. There is no evidence that the NC-

2

110 form filed by Dunn was ever "omitted," and we will not join in Dunn's speculation that the superior court judge was unaware of Dunn's statement that he was incarcerated. However, the record contains no evidence that Dunn requested a waiver of his attendance at the hearing; nor does Dunn argue that he made a specific request for either a waiver of attendance at the hearing or for any other accommodations to participate in the hearing telephonically or remotely.

Dunn contends that he complied with all statutory procedures under Code of Civil Procedure section 1275 et seq., governing proceedings for petitions for change of name. However, Dunn incorrectly asserts that his incarceration exempts him from the publication requirement and, instead, he is only required to obtain approval of the prison warden. Dunn cites no authority for his position that the publication requirement does not apply to prisoners, and the statutory language contradicts his position. Code of Civil Procedure section 1277, subdivision (a)(2) states: "A copy of the order to show cause *shall* be published . . . in a newspaper of general circulation to be designated in the order . . . . Proof shall be made to the satisfaction of the court of this publication . . . at the time of the hearing of the application." (Italics added.) Subdivisions (b) and (c) of section 1277 provide certain exceptions to the publication requirement where it is necessary to maintain confidentiality, but there is no exception for incarcerated petitioners.[1]

---

[1] Code of Civil Procedure section 1277, subdivision (b) states in part: "(1) If the petition for a change of name alleges a reason or circumstance described in paragraph (2), and the petitioner has established that the petitioner is an active participant in the address confidentiality program created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code, and that the name the petitioner is seeking to acquire is on file with the Secretary of State, the action for a change of name is exempt from the requirement for publication of

Dunn is correct that prisoners petitioning for name changes are required to provide a copy of their petitions to the Department of Corrections and Rehabilitation (Code Civ. Proc., § 1279.5, subd. (c)), but this requirement is *in addition* to the general publication requirement of Code of Civil Procedure section 1277, subdivision (a)(2). Here, in accordance with the statutory mandate, item 3(a) of the OSC required Dunn to publish a copy of the OSC in the Del Norte Triplicate once each week for four weeks. The record contains no proof of publication, and Dunn was not exempt from the publication requirement.

Dunn further argues he was not required to appear at the hearing because no objections to his name change petition were filed. Both the OSC and Code of Civil Procedure section 1277, subdivision (a)(1) state, "If no written objection is timely filed, the court may grant the petition without a hearing." The plain language of section 1277, subdivision (a) gives the court discretion as to whether to grant the petition without a hearing. It does not preclude the court from holding a hearing when no written objections are

the order to show cause under subdivision (a), and the petition and the order of the court shall, in lieu of reciting the proposed name, indicate that the proposed name is confidential and is on file with the Secretary of State pursuant to the provisions of the address confidentiality program.

"(2) The procedure described in paragraph (1) applies to petitions alleging any of the following reasons or circumstances:

"(A) To avoid domestic violence, as defined in Section 6211 of the Family Code.

"(B) To avoid stalking, as defined in Section 646.9 of the Penal Code.

"(C) To avoid sexual assault, as defined in Section 1036.2 of the Evidence Code.

"(D) To avoid human trafficking, as defined in Section 236.1 of the Penal Code."

Subdivision (c) provides an exemption from the publication requirement for persons participating in the state Witness Relocation and Assistance Program. (Code Civ. Proc., § 1277, subd. (c).)

4

filed. (See *In re Arnett* (2007) 148 Cal.App.4th 654, 658 ["The word 'may' is construed as granting the superior court discretion in deciding whether to grant the petition"].) Moreover, because there is no evidence that Dunn provided the required notice by publication, he cannot rely on the fact that no written objections were filed to argue that a hearing was not necessary.

Even if we were to assume it was error for the trial court to dismiss the petition based on Dunn's failure to appear at the hearing, we would still affirm the dismissal order because there is no evidence Dunn published the OSC, as required by both the OSC itself and Code of Civil Procedure section 1277, subdivision (a)(2). (*Lee v. Superior Court, supra*, 9 Cal.App.4th at p. 514 [the exercise of the trial court's discretion will only be disturbed for a clear abuse, and if there is any basis upon which the action can be sustained, the ruling of the trial court must be upheld on appeal].)

### DISPOSITION

The order is affirmed.[2]

---

[2] Dunn is not precluded from filing a new petition in accordance with the statutory requirements.

_____

Jackson, J.


WE CONCUR:


_____

Siggins, P. J.


_____

Fujisaki, J.